**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ROBERT CYRUS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, et al.,**<br><br>**Defendants.** | **CASE NO.:**<br>**CV 2:06-cv-00568-WKW-TFM** |
| **ROBERT CYRUS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,**<br><br>**Defendant.** | **CASE NO.:**<br>**2:07-cv-00144-ID-TFM** |

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE FILED BY DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC ("HMMA")**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") submits this Memorandum in support of its Motion to Consolidate.

## I. INTRODUCTION

Defendant HMMA respectfully moves this Court to consolidate the two above styled actions, Robert Cyrus v. Hyundai Motor Manufacturing Alabama, LLC, et al. (2:06-cv-00568-WKW-TFM) and Robert Cyrus v. Hyundai Motor Manufacturing Alabama, LLC (2:07-cv-00144-ID-TFM), into one lawsuit. These two suits, which are both pending before this Court,

involve claims arising out of Plaintiff's employment with HMMA. Both cases were filed by the same attorney, and both involve allegations of alleged wrongful acts by HMMA. Common issues of fact and law exist between both suits, and concerns of judicial efficiency will be promoted through consolidation. Therefore, these two suits should be consolidated.

## II.　　SUMMARY OF RELEVANT FACTS

On May 16, 2006, Plaintiff Robert Cyrus filed a complaint in the Circuit Court of Montgomery County, Alabama, through his attorney — Richard J. Stockham — against HMMA and Hyundai Motor America ("HMA") alleging claims of fraud and breach of contract. The Defendants removed the case to this Court on June 26, 2006. The case was assigned Civil Action No. 2:06-cv-00568-WKW-TFM, and assigned to the Honorable W. Keith Watkins.

On December 5, 2006, HMMA filed a Motion to Stay Pending Election by Plaintiff to Join Additional Federal Claims, in which HMMA requested that this case be stayed to allow Plaintiff to elect whether or not he would pursue additional federal discrimination claims related to a Charge of Discrimination that he had filed with the Equal Employment Opportunity Commission against HMMA.[1]

On February 16, 2007, Plaintiff filed a second lawsuit in the United States District Court for the Middle District of Alabama, asserting claims of discrimination and retaliation against HMMA under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The second lawsuit was assigned Civil Action No. 2:07-cv-00144-ID-TFM, and assigned to the Honorable Ira DeMent. The claims in this second Complaint are based on the same facts that served as the basis for Plaintiff's EEOC charge.

---

[1] The EEOC issued a dismissal and notice of right to sue letter on November 21, 2006, relating to the Charge.

HMMA asserts that there are common issues of law and fact between these two cases and that consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure. Cyrus is the Plaintiff in both actions. HMMA is a defendant in both actions. Plaintiff and HMMA are represented by the same attorneys in both lawsuits. The claims in both lawsuits relate to Plaintiff's employment with HMMA. The allegations of the Complaint show that Plaintiff's claims in both lawsuits relate to events occurring during the same time period. The same witnesses and exhibits will likely be necessary for both trials. Finally, Plaintiff seeks the same remedies in both lawsuits.

## III. ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure governs motions to consolidate and provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Rule 42(a) is a "codification of a trial court's managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1494 (11th Cir. 1985) (citations and internal quotations omitted).

If two cases have overlapping substantive issues, the cases should be consolidated into one lawsuit. In fact, a court may order the consolidation of cases even if a party opposes the consolidation. See, e.g., Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 293 (1892). Rule 42(a) "is permissive and vests a purely discretionary power in the district court. 'An exercise of such power may be reviewed on appeal from a final judgment or order but will not be disturbed

except for abuse of discretion.'" Whiteman v. Pitrie, 220 F.2d 914, 918 (5th Cir., 1955).[2] District Court judges are "urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973)(citations and internal quotations omitted). The former Fifth Circuit has explained the importance of consolidating similar actions that are pending before different judges:

> It is manifest that the litigants should be spared both the necessity of appearing in two courts to assert these interrelated claims and the problem of trying to reconcile two judges' possibly divergent factual and legal determinations. Fair and efficient judicial administration should be considered. Economy of judicial effort can be achieved by having the problems between the plaintiff[s] and the [defendant] resolved by one judge.

Blair v. City of Greenville, 649 F.2d 365, 368 (5th Cir. Unit A July 2, 1981). Clearly, given that these two cases will both involve claims by Plaintiff relating to his employment with HMMA, economy of judicial effort can be achieved by having both of these actions resolved by one judge.

### A. There Are Common Issues of Law and Fact in Both Cases

There are several common issues of law and fact between the claims in these two lawsuits. Plaintiff contends in his first-filed lawsuit that his performance was sufficient to warrant the award of performance bonuses during the time he worked for HMMA and alleges he was told "that everyone in management thought Cyrus was doing an outstanding job." (First Complaint, ¶ 19). In his second lawsuit, Plaintiff contends that from 2002 through the fall of 2005 he "had no complaints by any of his supervisors about his performance . . . he was told he was doing an excellent job. . . ." (Second Complaint, ¶ 6). Plaintiff then refers to an incident in

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

which he had a conflict with a superior at HMMA, and states that HMMA management was "upset" with him and requested that he resign. (Second Complaint, ¶ 11). Clearly, Plaintiff's job performance will be the central issue to resolve for both his claim for unpaid bonuses in his first Complaint and for his discrimination and retaliation claims in his second Complaint.

The evidence in both of these lawsuits will certainly involve the same evidence of Plaintiff's interactions with HMMA management. Both lawsuits clearly involve allegations that took place during the same time period. (First Complaint, ¶¶ 17-19) (Second Complaint, ¶¶ 6-14). Plaintiff relies in both lawsuits on allegations related to his interactions with Keith Duckworth and Greg Kimble. (First Complaint, ¶¶ 10, 12, 16, 19). Undoubtedly, the same witnesses and exhibits will be at issue in both trials.

In addition, the remedies that Plaintiff seeks for these claims will also overlap. Plaintiff seeks compensatory damages for emotional distress, mental anguish and punitive damages in both lawsuits. Plaintiff also contends that he is entitled to lost wages and bonuses in both lawsuits. It would create an injustice to allow Plaintiff to attempt to recover the same damages in two separate lawsuits.

More problematic is the fact that there could be inconsistent verdicts in the two separate lawsuits. The Eleventh Circuit Court of Appeals has noted that there is a "strong policy against piecemeal litigation." Brandt v. Bassett, 69 F.3d 1539, 1550 (11th Cir. 1995); see also American Int'l Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."). Parties are discouraged from splitting up their claims, as Plaintiff has done, to eliminate the possibility of inconsistent verdicts and to avoid the possible preclusive effects caused by litigating claims in two separate forums at

the same time. Given these common questions of both law and fact, these lawsuits should be consolidated for the resolution of all claims between the parties.

**C. Additional Factors Support Consolidation**

There are several factors, in addition to the fact that there are similar factual and legal issues, that support a finding that consolidation is appropriate. First, the fact that virtually no discovery has been conducted supports consolidation. See, e.g., Grimes v. Kecko Industries, Inc., 22 FEP Cases 484, 485 (S.D. Ohio 1976)("This Court finds that as only limited discovery has taken place in either case, all parties would benefit from consolidation of these cases and valuable court time and effort would be saved.").

The fact that no scheduling order has been entered in either case and that the cases could be placed on the same discovery plan also supports consolidation. Compare United States v. Chicago, 385 F.Supp. 540, 543 (N.D. Ill. 1974)(three actions alleging discriminatory employment practices by a city police department were properly consolidated since discovery in each of the three cases would be duplicative and two of the three suits were in the same discovery posture) with Kilgov. Bowman Transp., Inc., 570 F.Supp. 1509, 1513 (N.D. Ga. 1983)(courts are reluctant to order consolidation when one suit is at a more advanced stage than the other and consolidation would substantially delay its conclusion), aff'd, 789 F.2d 859 (11th Cir. 1986).

Consolidating these actions will provide the best method to proceed with discovery in an efficient manner because there will be much overlap in discovery between the two cases. See, e.g., Owens v. Bethlehem Mines Corp., 108 F.R.D. 207, 213 (S.D. W.Va. 1985)(ordering consolidation because both cases "contain discovery of a general nature which will inure to the benefit of other plaintiffs").

It would be far more efficient to proceed with these claims in one lawsuit, particularly given the difficulties that would be caused in discovery by the fact that Plaintiff is now a resident of the State of Illinois. Through the consolidation of all claims, the parties can eliminate the need for two sets of depositions, two sets of written discovery, two separate dispositive motion filings, and two trials. Undoubtedly, Plaintiff would not want to travel from Illinois to Alabama on two separate occasions to be deposed and for two separate trials.

In addition, the fact that plaintiff is represented by the same counsel of record in both lawsuits is another factor that compels the conclusion that consolidation is appropriate for these cases. Poulson v Louisiana, Arkansas & Texas Transp. Co., 7 F.R.D. 484, 485 (D.C. La. 1947)(ordering consolidation and holding that fact that parties are represented by same attorneys in both actions was factor in decision).

Consolidation would provide the most efficient method to proceed with these cases. It would allow the plaintiff and defendants' attorneys to proceed with one case, one set of discovery deadlines, one round of depositions, and one briefing schedule for dispositive motions. This would clearly be the most efficient manner in which to proceed.

## IV. CONCLUSION

For the foregoing reasons, HMMA respectfully requests that this Court order that the two above styled actions, Robert Cyrus v. Hyundai Motor Manufacturing Alabama, LLC, et al. (2:06-cv-00568-WKW-TFM) and Cyrus v. Hyundai Motor Manufacturing Alabama, LLC (2:07-cv-00144-ID-TFM), be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Respectfully submitted this 26th day of February, 2007.

/s/ Brian R. Bostick

TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
(205) 328-1900
brian.bostick@odnss.com

Attorneys for Defendant Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2007, I electronically filed the foregoing Defendant's Memorandum in Support of Motion to Consolidate with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard J. Stockham, III, Jeffrey A. Lee, and Wyndall A. Ivey.

/s/ Brian R. Bostick

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com