IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:07-cv-144-ID |
| | ) | |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING OF | ) | |
| ALABAMA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Comes now the Plaintiff, Robert Cyrus, and submits this response to the Court's Show Cause Order and shows to the Court why Defendant, Hyundai Motor Manufacturing Alabama, LLC's Motion for Consolidation should be denied:

1.    Defendant, Hyundai Motor Manufacturing, LLC.(HMMA), has moved this Court to consolidate this case with case no. 2:06-cv-00568-WKW alleging that under Rule 42(a) FRCP that the two actions involve a common question of law or fact. This is not the case. There are no common questions of law or fact.

2.    The facts in this case, as alleged in Plaintiff's complaint, are that Plaintiff suffered discrimination and retaliation by Defendant HMMA for events that arose in September 2005 (see Complaint ¶ 7 - 17.) Plaintiff's issues of law in this case are limited to discrimination under 42 U.S.C. §2000e (Title VII) and 42 U.S.C. §1981 for

race discrimination and retaliation (see Count I and II of the Complaint).

3.    On the other hand, in civil action no. 2:06-cv-00568WKW, the Defendants are Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, Hyundai Motor America and HMMA.

4.    Defendants have removed this case alleging ERISA preemption. Any alleged ERISA claim has absolutely no common basis in fact or law with Plaintiff's race discrimination case.

5.    Plaintiff has moved to remand this case to State Court. (See Exhibit A attached hereto.)  The case is due to be remanded and Plaintiff has argued that case should proceed in State Court and not in Federal Court. The Trial Judge in that case has not ruled on Plaintiff's Motion to Remand.

6.    The Defendants' Removal Notice alleged that Plaintiff's use of the term "benefits" and "benefit package" was sufficient grounds to trigger ERISA coverage and preemption. Plaintiff Cyrus set out in his remand petition that Defendants admit that the complaint did not identify a plan that was an ERISA plan and also that the alleged ERISA plan that Defendant proffered as a basis for an ERISA preemption did not exist at the time of the misrepresentation which Plaintiff complained about in his complaint were made.

7.    Defendant HMMA then moved for judgment on the pleadings, arguing that Plaintiffs potential fraud claims were limited to only those representations made at

a time before HMMA even existed. (See Motion Of Defendant Hyundai Motor Manufacturing Alabama, LLC. For A Judgment On The Pleadings As To Count II Of Plaintiff's Complaint, p. 4) (Attached hereto as Exhibit B.)

8.    Plaintiff responded with "Plaintiff's Brief In Opposition To Defendant Hyundai Motor Manufacturing Alabama, LLC's. Motion For Judgment On The Pleadings (attached hereto as Exhibit C) wherein Plaintiff pointed out that while the representations preceded the existence of HMMA, it nevertheless had successor liability for the representations that were made.

9.    Apparently aware that its ERISA preemption argument was not well taken, Defendant HMMA filed for leave to amend its notice of removal (attached hereto as Exhibit D) alleging diversity jurisdiction. Plaintiff opposed this request for leave (attached hereto as Exhibit E). The trial court denied Defendant's Motion for a Leave to amend the notice of removal (attached hereto as Exhibit F). However, as noted, the Trial Court has not yet ruled on Plaintiff's Remand Petition.

10.    Defendant incorrectly states that there are common issues of fact. Plaintiff's complaint, which Defendant removed (CV-2:06-cv-00568-WKW), is a fraud and breach of contract claim relating to unearned bonuses and promotions for the years 2002, 2003 and 2004. Plaintiff's discrimination and retaliation claims in this suit relate to events in the fall of 2005. Moreover, the misrepresentations and contractual promises with regard to Plaintiff's fraud and breach of contract claims were made in

order to induce the Plaintiff to leave his prior employment with Mercedes Benz in the spring of 2002, prior to the formation of HMMA.  Consequently, the Defendant's argument that the lawsuits involve allegations that took place during this same time period is not only incorrect but runs counter to what Defendant has argued in its Motion for Judgment on the pleadings.

11.    Defendant further agues that  Plaintiff's job performance is common to both claims; however, Plaintiff's job performance in 2002 through 2004 is not related to Plaintiff's job performance in September of 2005.

12.    Moreover, Defendant argues incorrectly that the damages are the same for both lawsuits.  While Plaintiff has claimed breach of contract damages and fraud damages in his lawsuit filed for fraud and breach of contract, those damages relate to a time-frame and period unrelated to the damages Plaintiff seeks in his race discrimination and retaliation lawsuit.

13.    Moreover, there is no chance of an inconsistent verdict because the bases for the claims are separate, one being for fraud and breach of contract for events that occurred in 2002 through 2004 and the other being for race discrimination and retaliation for incidents that occurred in September through December, 2005.

14.    Moreover, when the Court addresses the ERISA preemption argument, the Plaintiff expects that it will remand the case to State Court because it will determine, as set out in the Plaintiff's briefs, that the Court does not have jurisdiction of the State

Court fraud and breach of contract claims.

The lawsuit involving the Plaintiff, suing Hyundai Motor Company, Hyundai Motor America, Hyundai Mobis, Inc.,  Hyundai Translead and HMMA is based on state law claims for fraud and breach of contract for the time frame of 2002 through 2004. This present lawsuit is based on claims of race discrimination and retaliation against Defendant HMMA only, and concerns the time frame of September 2005 through December 2005.   For these reasons, the Plaintiff submits that the requirements of Rule 42(a) FRCP that there be common questions of law or fact are not satisfied, so this Honorable Court should not consolidate the two cases.


Respectfully submitted,


s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:07-cv-144-ID |
| | ) | |
| HYUNDAI MOTOR COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR
HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR
HYUNDAI MOTOR MANUFACTURING
OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield
Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR
HYUNDAI MOTOR COMPANY**

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT CYRUS,                          )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        Civil Action No.: 06-568-DRB
                                       )
HYUNDAI MOTOR COMPANY,                 )
et al.,                                )
                                       )
        Defendants.                    )

PLAINTIFF'S MOTION TO REMAND

        Comes now the Plaintiff, Robert Cyrus, and moves the Court to remand this case to State

Court and for grounds says that Defendants cannot properly remove this case because this Court

does not have subject matter jurisdiction over these parties.

NO ERISA PREEMPTION

        1.      Defendants have removed this case alleging Federal question jurisdiction under

ERISA. However, ERISA is not implicated in Plaintiff's Complaint and remand is required because

the court lacks subject matter jurisdiction. Here, Plaintiff, Robert Cyrus, has sued Defendants in

a two count complaint alleging breach of contract for unpaid bonuses and fraud for

misrepresentations that induced him to leave his job with Mercedes and come to work for

Defendants.

        2.      Defendants admit that the Complaint does not make any allegations that an ERISA

plan is the subject of his complaint. It says "Plaintiff does not identify in his Complaint the specific

benefits about which he complains" (Notice of Removal ¶ 10). Defendants then speculate that

Plaintiff might be referring to a health plan, a life insurance plan, a salary continuation plan for short

term disability, a long term disability plan and a 401K plan. Plaintiff has not alleged these in the

Complaint and these are not the basis for Plaintiff's Complaint.

        3.      Plaintiff's Complaint makes reference to benefits and "benefit package" (Notice of

Exhibit "A"

Removal ¶ 7), and based upon this, Defendants argue that "Plaintiff's second cause of action is a thinly disguised allegation that seeks to enforce his rights and recover benefits that Plaintiff contends were due him under an ERISA plan.  Plaintiff contends that Keith Duckworth made an inaccurate description of the contents of and benefits due to Plaintiff under the HMMA plan." (Notice of Removal ¶ 15).  Defendants rest their contention for ERISA preemption on allegations that Plaintiff's fraud claim is in fact a claim for ERISA benefits.  This is simply not the case. Plaintiff's fraud claim is based upon representations made to him while he was still employed by Mercedes for the purpose of inducing him to quit his work with Mercedes and come to work for Defendants.

4.     In ¶ 7 of Plaintiff's Complaint he alleges "Chung told Cyrus that the Korean Vice-President would stay for two years after the new entity was formed and started.  Chung promised Cyrus that after the Korean VP left that Cyrus would be promoted to the position of Vice-President of Procurement for the new entity.  This <u>promise was a material inducement for Cyrus's decision to quit working for Mercedes Benz and to come to work for defendants</u>."[1]  Likewise, Plaintiff alleges in ¶ 11 of the Complaint that, "With respect to the bonus, it was agreed that Cyrus would receive bonuses based on 225% of his monthly salary.  This promise of a bonus based on 225% of his monthly salary was a material inducement for Cyrus leaving Mercedes Benz and going to work for defendants."

5.     Such false representations have been recognized by Alabama courts to be actionable.  See <u>Smith v. Reynolds Metals Co.</u>, 497 So.2d 93 (Ala. 1986); <u>Kidder v. AmSouth</u>, 639 So.29 1361 (Ala. 1994).  The elements of a fraud claim are: 1).  Duty to speak the truth; 2).  A false representation of a material existing fact made intentionally recklessly or innocently; 3).  Action upon the false representation by the Plaintiff; 4).  Loss, harm or damage proximately resulting in

_____

[1] Plaintiff has attached a copy of complaint filed in State Court as the copy of Plaintiff's complaint attached to the Notice of Removal is missing page 3 of the complaint.

the false representation. Kidder at 1362. Here, the fraudulent representation that one will be made a Vice President is one of promissory fraud. See National Security Insurance Co., v. Donaldson, 664 So.2d 871 (Ala. 1985). (fraudulent representation to make one a vice president is promissory fraud). When one is making a claim based on promissory fraud the Plaintiff must prove that at the time of the representation, the Defendant had an intention not to perform the act promised and had an intention to deceive the Plaintiff. National Security Insurance Co., v. Donaldson at 876. So, Plaintiff's claims against Defendants for fraud are claims for promissory fraud.

6.      This case is very similar to the Eleventh Circuit case of Forbus v. Sears Roebuck & Co., 958 F.2d 1036 (11th Cir. 1992). There the Forbus court, relying on Smith v. Reynolds Metal Co. 497 So.2d 93 (Ala. 1986), held that the Plaintiffs could sue a Defendant for fraud based upon representations the employer made.  It said, "In this case, however, Sears made a new arrangement with the Retirees prior to their termination in which Sears agreed to provide enhanced severance benefits in return for the Retirees' agreement to execute releases and waivers. It is this supplemental contract, offered by Sears and accepted by the Retirees, that the Retirees say they were fraudulently induced to enter and about which they claim misrepresentations were made and facts suppressed." 958 F.3d at 1042.

7.      The Eleventh Circuit remanded the case to the District Court which then dismissed the case finding ERISA preemption.  The Eleventh Circuit then reversed the District Court again in Forbus v. Sears & Robuck Co., 30 F.3d 1402 (11th Cir. 1994), holding that Plaintiff's fraud claim was not preempted.  It said,

> [t]he plaintiffs' claims in this case center on Sears' alleged fraud concerning the elimination of plaintiffs' jobs, not fraud concerning an ERISA plan or any other benefits package.  The plaintiffs have not claimed any fraud as it relates to the amount of pension benefits proceeds, nor have the plaintiffs made any allegations that Sears misrepresented the availability of pension benefits to the plaintiffs. Simply put, the plaintiffs contend that Sears lied when it informed them that their jobs were being eliminated.

3

Forbus at 1406. Likewise, the fraud in this case does not involve an ERISA benefit plan, it involves the inducement for Plaintiff to leave his employment with Mercedes Benz and go to work for Defendants.

8.     The Forbus Court particularly noted that this kind of fraud was distinct from that which was preempted in Sanson v. General Motors Corp., 966 F.2d 618 (11th Cir. 1992). It pointed out that the mere existence of an ERISA plan is not enough to necessitate preemption. Forbus, at 1406. Further, the mere fact that Plaintiff's damages may be affected by calculations of pension benefits is not sufficient to warrant preemption. Forbus at 1406-1407. Consequently, here, the Plaintiff's fraud claim does not relate to an ERISA plan, on the contrary it relates to promises about bonuses and being made the Vice President of Procurement which, Plaintiff alleges, Defendants never intended to keep.

9.     The Defendants' focus on Plaintiff's reference to benefit and benefits package is unavailing to their preemption claim.   To begin with, Plaintiff identifies the benefits he is referencing in paragraph 9 of Plaintiff's Complaint:

> Cyrus was contacted by Mr. Keith Duckworth, Vice President of Administrative Services for Hyundai Motor America who told him that Mr. Ted Chung had told him all about their discussions.  Duckworth then proceeded to negotiate with Cyrus the specifics of the compensation package that Cyrus would be paid.  Duckworth sent Cyrus an offer letter, April 26, 2002.  Subsequently, Cyrus and Duckworth negotiated concerning the exact compensation: salary, bonus, vacation, vehicle, and relocation expenses.  On May 3, 2002, Cyrus clarified these conversations in a letter to Duckworth.

(emphasis added)

Defendants have not alleged that these benefits, outlined in paragraph 9 of Plaintiff's Complaint, constitute any ERISA plan.  On the contrary, the declaration of Greg Kimble claims to identify all the HMMA ERISA plans and these are not included.  In fact, in order to assert an ERISA preemption Defendants have  alleged that Plaintiff's claim for benefits is not identified in the

4

Complaint. In light of paragraph 9 of the Complaint, Defendants' allegation is incorrect.

10.    An additional reason why ERISA preemption is not appropriate in this case is because the alleged ERISA plans which are basis for the preemption claims are plans of HMMA. (See Notice of Removal ¶ 8, 9, 10, 14, 15). HMMA did not exist prior to September 2002. (Plaintiff's Complaint ¶ 13). The group healthcare plan, which Defendants attach as Exhibit 1 to the declaration of Greg Kimble reflects that its effective date was January 1, 2004. The representations which induced Plaintiff to leave his job with Mercedes were made prior to May 22, 2002. (Plaintiff's Complaint ¶ 12). Consequently, the alleged HMMA ERISA plans were not in existence at the time of the representation. So any conceivable fraud claim that would relate to such a plan would be a claim based upon a plan that was not in existence at the time the representations were made and the representations were made by someone who was not a fiduciary of the HMMA ERISA plans.

11.    The Eleventh Circuit in Cotton v. Massachusetts Mutual Life Insurance Company, 402 F.3d 1267, 1287 (11th Cir. 2005) stated:

> [h]owever we do think that the fact that misconduct is alleged to have begun at a time when the defendant could not possibly have been acting as an ERISA fiduciary at least suggests that the suit may not be against the insurer-qua-fiduciary.

The Court in Cotton goes on to distinguish in footnote 17 that case from Engelhardt v. Paul Revere Life Ins., Co., 139 F.3d 1346 (11th Cir. 1998), saying "[t]his distinguishes this case from Engelhardt because the plan in that case was created before the allegedly fraudulent misrepresentations were made." See Engelhardt at 139 F.3d 1353 n. 7. Here Duckworth, and Chung, individuals who were employees of Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America, were not fiduciaries of the HMMA ERISA plans at the time the representations were made because neither HMMA nor the HMMA ERISA plans existed.

12.    These individuals, who were representatives of Hyundai Motor Company, Hyundai

5

Mobis, Inc., Hyundai Translead, and Hyundai Motor America, were very much like the independent insurance agent in <u>Morstein v. National Insurance Services, Inc.</u>, 93 F. 3d 715 (Cir. 1993). There the Eleventh Circuit recognized that the independent insurance agent and agency were not ERISA entities. See <u>Morstein</u> at 722. The ERISA entities are the employer, the plan, the plan fiduciaries and the beneficiaries under the plan. See <u>Morstein</u> 722. The <u>Morstein</u> court pointed out that the agent and agency had no control over the payment of benefits or determination of Plaintiff's rights under the plan. <u>Morstein</u> 722-723.

13.     Similarly, Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America are not ERISA entities with regard to the HMMA ERISA plans. The <u>Morstein</u> court held:

> Although the remedy sought may affect the plan in that Morstein's damages (should she successfully prevail on her claims) against Hankins and/or the Shaw Agency may be measured based on what she would have received under her old plan, such indirect relation between a beneficiary and the plan is not enough for preemption. <u>Forbus</u> at 30 F.3d 1406-07. (noting that "the mere fact that the plaintiff's damages may be affected by a calculation of pension benefits is not sufficient to warrant preemption."); *see also* <u>Smith v. Texas Children's Hosp</u>, 84 F.3d 152, 155 (5th Cir. 1996). The Supreme Court in <u>New York Blues</u> made it clear that economic impact alone is not necessarily enough to preempt a state law. <u>New York Blues</u>, 514 U.S. at — 115 S. Ct. at 683.
>
> <u>Morstein</u>, 93 F.3d at 723

14.     So, because the entities that made the misrepresentations to the Plaintiff in this case were not ERISA entities, and because when the misrepresentations where made the ERISA plan which Defendants allege preempt Plaintiff's claims did not even exist, under <u>Morstein</u> and <u>Cotton</u>, Plaintiff's claims are not preempted.

CONCLUSION

For these reasons ERISA does not preempt Plaintiff's fraud claims so the Court lacks subject matter jurisdiction of this case. Plaintiff submits the court should remand this case to State

6

Court for the reasons cited.

Respectfully submitted,


s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 06-568-DRB |
| | ) | |
| HYUNDAI MOTOR COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR**
**HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR**
**HYUNDAI MOTOR MANUFACTURING**
**OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield
Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR**
**HYUNDAI MOTOR COMPANY**

8

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     CASE NO.: |
| | ) |
| HYUNDAI MOTOR COMPANY, | ) |
| HYUNDAI MOBIS, INC. (formerly | ) |
| known as HYUNDAI PRECISION CO.) | )     JURY TRIAL DEMAND |
| HYUNDAI TRANSLEAD (formerly | ) |
| known as HYUNDAI PRECISION CO. | ) |
| HYUNDAI MOTOR AMERICA, and | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| OF ALABAMA, LLC., | ) |
| | ) |
| Defendants. | ) |

**FILED**
**CIRCUIT COURT OF**
**MONTGOMERY COUNTY**
2006 MAY 16 PM 3: 25

## COMPLAINT

1.     Plaintiff Robert Cyrus is over 21 years of age and a resident citizen of Montgomery County, Alabama.

2.     Defendant Hyundai Motor Company (HMC) is a corporation, and at times relevant this complaint, was doing business in Montgomery County, Alabama. Defendant Hyundai Mobis, Inc, formerly Hyundai Precision Co., (MOBIS) was at times relevant to this complaint, doing business in Montgomery, Alabama.   Defendant Hyundai Translead, Inc., formerly Hyundai Precision Co., (TRANSLEAD) was at times relevant to this complaint, doing business in Montgomery, Alabama. Defendant Hyundai Motor America at times relevant to this complaint was doing business in Montgomery County, Alabama.  Defendant Hyundai Motor Manufacturing of Alabama, LLC. at times relevant to this complaint was located at, and had its principal place of business in Montgomery, Alabama.

3.     Plaintiff was employed at Mercedes Benz U.S. International, Inc. in the fall of 2001

**Exhibit A**

when he was approached by Hyundai Motor Company to come to work for Hyundai as the head of purchasing for a new start up operation; building Hyundai automobiles in the United States.

4.     After several overtures from Hyundai, in April, 2002 Mr. Ted Chung came to Birmingham, Alabama and met with plaintiff Robert Cyrus. Chung said he was the Executive Vise-President of Hyundai Motor Company, Procurement Division as well as the Executive Vice-President of the Management Administration Division of Hyundai Precision Co. He represented to Cyrus that he was the son-in-law of the chairman of the board of Hyundai Motor Co, and so Cyrus could rely on what he said.

5.     Chung told Cyrus that Hyundai was starting a new project, called Project "V", or "V" Project. He told Cyrus that this would be the first automobile manufacturing facility in the United States for Hyundai Automobiles. He told Cyrus that he was looking to hire him as the first American employee of this new start-up project.

6.     Chung made several promises to Cyrus in order to persuade him to give up his job at Mercedes and come to work for Hyundai.   Chung told Cyrus that he would come to work for Hyundai, and his employment would initially be with Hyundai Motor America for administrative purposes and then he would become an employee of the legal entity that Hyundai formed to run the manufacturing plant. Chung told Cyrus that no matter what form the new entity took  that Cyrus would always be the top American employee in that project.  Chung told Cyrus that he would be hired as the director of purchasing for the new Santa Fe (CM) / Sonata project (NF) , and that he would be responsible for direct purchasing of parts and components only. Chung told Cyrus that for the first two years after the new entity was formed and came into existence that it would have a Korean Vice-President of Procurement  to whom Cyrus would report, and that Vice-President, in

2

turn, would report to Chung, who would be the Executive Vice President of Procurement for the new entity.

7.    Chung told Cyrus that the Korean Vice-President would stay for two years after the new entity was formed and started. Chung promised Cyrus that after the Korean VP left that Cyrus would be promoted to the position of Vice-President of Procurement for the new entity. This promise was a material inducement for Cyrus's decision to quit working for Mercedes Benz and come to work for defendants.

8.    Chung told Cyrus that though he would report to the Vice President in Alabama that Cyrus would also report to Chung, as well. Chung told Cyrus that he would tell "Mr. Keith" at Hyundai Motor America about the proposal and that he would be sent an offer from Hyundai Motor America that spelled out the particulars of the compensation package.

9.    Cyrus was contacted by Mr. Keith Duckworth, Vice-President of Administrative Services for Hyundai Motor America who told him that Mr. Ted Chung had told him all about their discussions. Duckworth then proceeded to negotiate with Cyrus the specifics of the compensation package that Cyrus would be paid. Duckworth sent Cyrus an offer letter April 26, 2002. Subsequently Cyrus and Duckworth negotiated concerning the exact compensation: salary, bonus, vacation, vehicle, and relocation expenses. On May 3, 2002 Cyrus clarified these conversations in a letter to Duckworth.

10.    On May16, 2002 Duckworth sent Cyrus an offer letter that said he would be the director of plant procurement reporting to Ted Chung, Executive Vice-President Management Administration Division of Hyundai Precision.   It specified that his starting salary would be $11,666.67 per month and that he would be entitled to the benefits  a new HMA employee was

3

eligible to receive. The offer further set out that when Hyundai Motor Manufacturing Alabama becomes a viable and legal business entity that his benefits with HMA would cease and his benefits would be provided by Hyundai Motor Manufacturing of Alabama. Duckworth told Cyrus that these benefits were to at least the same as Hyundai Motor America's benefit package.The offer letter also reflected that he was eligible for annual bonuses.

11.    This offer was subject to further negotiation regarding compensation which resulted on May 20, 2002 in an addendum to the offer letter of May 16, 2002. With respect to the bonus, it was agreed that Cyrus would receive bonuses based on 225% of his monthly salary. This promise of a bonus based on 225% of his monthly salary was a material inducement for Cyrus leaving Mercedes and going to work for Defendants.

12.    On May 21, 2002, relying on the promises made by Ted Chung and Keith Duckworth plaintiff quit his employment of 8 years with Mercedes Benz U. S. International, Inc., and accepted employment with Hyunda. Cyrus began working for Hyundai Motor America on May 22, 2002.

13.    In September 2002 the new legal entity was created for the Hyundai manufacturing plant. It was called Hyundai Motor Manufacturing Alabama, LLC., and it was a corporation with its principal place of business in Montgomery, Alabama. At that time Plaintiff was transferred on paper from Hyundai Motor America to Hyundai Motor Manufacturing Alabama LLC (HMMA). At HMMA Plaintiff reported to Vice-President of Procurement Mark Lee, the Korean Vice-President that Ted Chung had told him he would report to. Ted Chung became the Executive Vice President for Procurement for HMMA. At that time HMMA reaffirmed the agreement between Cyrus and Hyundai Motor America.

14.    Though plaintiff was repeatedly commended for his good work , accomplishments

4

and performance, he was not given an annual performance evaluation.

15.     Plaintiff was given a signing bonus, but he was never given the bonus of 225% of his monthly salary that he had been promised.

16.     In October 2003, Plaintiff spoke to Greg Kimble, Director of HR for HMM A, about his not getting the promised bonus. Kimble told him to be patient, that they were working on it. Kimble acknowledged at that time to Cyrus that the bonus was due.

17.     In April 2005 after plaintiff had not received bonuses in either 2003 or in 2004 as he had been promised he spoke with Mark Lee, Vice-President of Procurement for HMMA about this and also put his concerns in writing and attaching the offer letter and addendum showing where the bonus had been promised to him. Lee acknowledged that the company owed Cyrus for the bonuses. Despite Lee's acknowledgment that the bonuses were owed, Cyrus was never paid the bonuses.

18.     Cyrus was not promoted to the position of Vice-President of Procurement after 2 years, in September 2004, as he had been promised by Chung. Vice-President Mark Lee remained in the position until 2005. Even when Mark Lee was transferred back to Korea Plaintiff was not promoted to Vice-President of Procurement of HMMA.

19.     Defendants never intended to promote Cyrus to the position of Vice President of Procurement of Hyundai Motor Manufacturing Alabama, LLC. In 2005 Keith Duckworth was made Deputy President and Chief Executive Officer of Hyundai Motor Manufacturing Alabama, LLC. In the fall of 2005 Cyrus spoke with Duckworth about concerns he had with a new Korean Manager. Duckworth told Cyrus that everyone in management thought Cyrus was doing an outstanding job. Cyrus spoke to Duckworth about not getting promoted to the position of Vice President of Procurement as Ted Chung had promised. Duckworth said he never heard Chung say anything about

5

that.

## COUNT I

20.     Plaintiff adopts and realleges each and every material averment as if specifically set out herein:

21.     Defendants breached their contract with plaintiff when they failed to pay him the bonuses promised.

22.     As a consequence of Defendants' breach of contract plaintiff has suffered damages. WHEREFORE, plaintiff demands judgment against defendants for unpaid bonuses, plus interest.

## COUNT II

23.     Plaintiff adopts and realleges each and every material averment as if specifically set out herein.

24.     Defendants made representations and/or suppressed facts upon which plaintiff relied and/or acted to his detriment. Said representations and/or suppressions were false and were made willfully, and/or wantonly, and/or recklessly and/or with a disregard to their truth, and knowing that Plaintiff was relying on them to be truthful and forthcoming.  Defendants are guilty of deceit.

25.     As a result of defendants' misrepresentations, suppressions and deceit plaintiff has suffered injuries, including pecuniary loss , mental anguish and emotional distress.

WHEREFORE, plaintiff demands judgment against defendants for compensatory and punitive damages.

Richard J. Stockham, III
State Bar STO034
Attorney for Plaintiff

**Plaintiff demands trial by struck jury on all issues triable to a jury.**

6

**SERVE DEFENDANTS BY CERTIFIED MAIL AT:**

Hyundai Motor Manufacturing Alabama LLC
c/o Richard E. Neal
700 Hyundai Blvd.
Montgomery, AL 36105

Hyundai Motor Company
c/o National Registered Agents, Inc.
150 S Perry St.
Montgomery, AL 35104

Hyundai Mobis, Inc.
c/o National Registered Agents, Inc.
150 S Perry St.
Montgomery, AL 35104

Hyundai Translead
c/o National Registered Agents, Inc.
150 S Perry St.
Montgomery, AL 35104

Hyundai Motor America, Inc.
c/o National Registered Agents, Inc.
150 S Perry St.
Montgomery, AL 35104

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT CYRUS

     Plaintiff,

vs.

HYUNDAI MOTOR COMPANY,
HYUNDAI MOBIS, INC. (formerly known
as HYUNDAI PRECISION CO.),
HYUNDAI TRANSLEAD (formerly known
as HYUNDAI PRECISION CO.)
HYUNDAI MOTOR AMERICA, and
HYUNDAI MOTOR MANUFACTURING
OF ALABAMA, LLC,

     Defendants.

CIVIL ACTION NO.:

2:06-cv-568-DRB

## MOTION OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC FOR JUDGMENT ON THE PLEADINGS AS TO COUNT TWO OF PLAINTIFF'S COMPLAINT

Comes now defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and moves this Court to enter judgment in its favor on Count Two of the Plaintiff's Complaint. HMMA states that this motion is due to be granted for the following reasons:

1.   This Court has jurisdiction to consider the merits of Plaintiff's claims because federal question jurisdiction exists. The determination as to whether the Court has jurisdiction is based upon the claims before the Court at the time the removal petition is filed. See Maseda v. Honda Corp., 861 F.2d 1248, 1253 (11th Cir. 1988). At the time the removal petition was filed in this case, Plaintiff's Complaint included an allegation that his fraud claim encompassed misrepresentations regarding a "benefit package" and "benefits." (Complaint, ¶10). Through

Exhibit "B"

this allegation, Plaintiff sought to challenge the difference in benefits he received under the Hyundai Motor America ("HMA") and HMMA healthcare plans, which constitutes a claim under ERISA. The mere fact that Plaintiff artfully drafted his Complaint to refer vaguely to "benefits" or a "benefit package" does not allow him to avoid preemption where the undisputed facts clearly reveal that he is pursuing claims based on these ERISA plans.

2.    Plaintiff now attempts to disavow or abandon any claim that would implicate these ERISA plans in his Motion to Remand. Post-removal actions, such as the abandonment of a claim, do not divest the court of jurisdiction, however. Poole v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000).

3.    Plaintiff represents to the Court the following limitations that he belatedly seeks to place on his fraud claim: "Plaintiff's fraud claim is based upon representations made to him while he was still employed by Mercedes for the purpose of inducing him to quit his work with Mercedes and come to work for Defendants." (Motion to Remand, ¶ 3). Plaintiff goes on to state in the Motion that "HMMA did not exist prior to September 2002 … [and] the representations which induced Plaintiff to leave his job with Mercedes were made prior to May 22, 2002." (Motion to Remand, ¶10). Plaintiff alleges that he is pursuing claims based only on representations made by employees of "Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America. . . ." (Id. ¶11). Thus, the pleadings in this case clearly reveal that Plaintiff is abandoning any fraud claim based upon any supposed false representations made by HMMA employees and any fraud claims regarding representations made about the HMA and HMMA healthcare plans.

4.    A party is bound by representations made by his counsel in brief, and is estopped from taking a position later in the litigation that is inconsistent with that position. See Link v.

2

Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his

representative in the action, and he cannot now avoid the consequences of the acts or omissions

of this freely selected agent. Any other notion would be wholly inconsistent with our system of

representative litigation, in which each party is deemed bound by the acts of his lawyer-agent

and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'")

(quoting Smith v. Ayer, 101 U.S. 320, 326 (1879)); Purgess v. Sharrock, 33 F.3d 134, 144 (2d

Cir. 1994)("A court can appropriately treat statements in briefs as binding judicial admissions of

fact."); Hughes Communs. Galaxy, Inc. v. United States, 34 Fed. Cl. 623, 632 n.8 (U.S. Claims

Ct. 1995)("Counsel's statements in briefs can estop the client from subsequently taking a

different position.").

     5.     The Plaintiff here seeks to divest the Court of jurisdiction by abandoning a claim

just like the plaintiff did in Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed

Cir. 1995), cert. denied, 516 U.S. 1093 (1996), but as stated supra, post removal acts cannot

divest the Court of jurisdiction.  In that case, the plaintiff brought patent infringement claims

against the defendant, and the defendant thereafter filed counterclaims seeking a declaratory

injunction of noninfringement and patent invalidity.  During the course of the litigation, the

plaintiff decided that it no longer desired to pursue its claims and sought to divest the court of

jurisdiction by removing any possible "actual controversy," a requirement for any court to have

jurisdiction.  The plaintiff effectuated this intent by stating in a motion to dismiss that it was

abandoning any claims for patent infringement against the defendant and was unconditionally

agreeing not to sue the defendant for any such claims.  The Court rejected the defendant's

argument that the statements of counsel in brief were not sufficient to bind the plaintiff, and held

that "Super Sack cannot free itself of the estoppel that its counsel has created with respect to

Chase merely by retaining different counsel, and no rule of agency law with which we are familiar can relieve Super Sack of estoppel on the ground that its current counsel acted ultra vires. . . . Super Sack itself is bound, both now and in the future, by its promise not to sue Chase." Super Sack, 57 F.3d at 1059. The Court, therefore, dismissed the case with prejudice based upon the representations made by the plaintiff in its motion.

6. Just as in Super Sack, Plaintiff has created an estoppel of any potential claim against HMMA by limiting his fraud claim to only those representations made at a time before HMMA even existed. To establish a fraud claim against HMMA, Plaintiff must prove that a false representation was made to him by that particular Defendant. See Bryant v. Southern Energy Homes, Inc., 682 So.2d 3, 4 (Ala. 1996)(affirming grant of summary judgment where there was no evidence that any "agent, servant, or employee" of the defendant made a false representation to the plaintiff). Obviously, HMMA did not make any such representation to the Plaintiff because he has limited his claim to include only representations made before the creation of HMMA. Given Plaintiff's position taken in his Motion to Remand, Plaintiff is estopped from establishing this required evidence as a matter of law. This Court should follow the same course as the Court in Super Sack and dismiss Count II of the Plaintiff's Complaint, with prejudice, as to Defendant HMMA.

**WHEREFORE**, Defendant Hyundai Motor Manufacturing Alabama, LLC respectfully requests that this Court enter judgment on the pleadings in favor of HMMA on Count Two of Plaintiff's Complaint.

/s/ Brian R. Bostick
TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)

4

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July 2006, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard J. Stockham, III, Jeffrey A. Lee, Wyndall Ivey.

/s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

4240872.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT CYRUS,                         )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )        Civil Action No.: 06-568-DRB
                                      )
HYUNDAI MOTOR COMPANY,                )
et al.,                               )
                                      )
        Defendants.                   )

<u>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT HYUNDAI MOTOR
MANUFACTURING ALABAMA LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS</u>

        Plaintiff Robert Cyrus submits this in opposition to Defendant HMMA's

Motion for Judgment on the Pleadings:

<u>STANDARD OF REVIEW</u>

        1.      Defendant's Motion for Judgment on the Pleadings is appropriate only

if there are no material facts in dispute and the moving party is entitle to judgment as

a matter of law.  Riccard v. Prudential Ins., Co., 307 F.3d 1277, 1291 (11th Cir.2002).

The court must view the facts in the light most favorable to the non-moving party and

can grant the motion only if the non- movant can prove "no set of facts" which would

allow it to prevail.  Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002).

**Exhibit "C"**

I.    THE COURT SHOULD REMAND THE CASE BECAUSE
      ALL AGREE THERE ARE NO FEDERAL CLAIMS IN THE CASE

2.    HMMA argued in its Removal Petition that federal jurisdiction here is
based on ERISA. It argued that Plaintiff Cyrus's inclusion of references to a benefit
package and benefits in his fraud claim were intentionally vague references to an
ERISA plan, concluding that this was the result of Plaintiff's artful drafting of his
complaint. (Removal Petition p.6, see also HMMA motion for judgment on the
pleadings ¶1) However, after Cyrus filed a Motion to Remand, specifically pointing
out that the benefits and benefit package he was referencing in ¶10 of the complaint
were those previously identified in ¶ 9 of the complaint as being the package of
salary, bonus, vacation, vehicle and relocation expenses (Motion to Remand ¶ 9),
HMMA now argues that Plaintiff has abandoned the vague, artfully plead ERISA
claim.

3.    HMMA has artfully 'found' an ERISA claim, which HMMA admits was
not on the face of the complaint, and used it as the basis for removal. It now artfully
asserts that Cyrus has abandoned this claim. HMMA does this so that it can insist on
federal jurisdiction. What HMMA tacitly admits, despite all of its sleight of hand, is
that now, at the beginning of the litigation, before any disclosure has been made,
before any discovery begun, there is no federal question to be litigated in the lawsuit.

2

4. Defendant HMMA nevertheless argues that by virtue of the vague and artful pleading which disguised an ERISA claim, and its alleged abandonment, defendants should litigate these exclusively state law claims in federal court. However, it is well established that a Defendant's pleading cannot create jurisdiction. Whether a claim "arises under" federal law is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly plead complaint. <u>Caterpillar, Inc., v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L Ed. 2d 318 (1987). The Plaintiff is the master of the claim; he may avoid federal jurisdiction by exclusive reliance on state law even where a federal claim is also available. Id. See also <u>Holmes Group, Inc., v. Vornado Air Circulations Systems, Inc.</u>, 122 S. Ct. 1889, 1893 (2002) (the Supreme Court reaffirmed the <u>Caterpillar</u> decision and further expanded the well-pleaded complaint rule).

5. By Defendant HMMA's own admission Plaintiff Cyrus's well-pleaded complaint does not make a claim for ERISA benefits. This is why HMMA calls it vague and artfully pleaded. Neither Defendant HMMA or Defendant Honda Motor America allege or offer evidence that they have ERISA plans that relate to the benefits identified in Plaintiff Cyrus's complaint ¶ 9 of salary, bonus, vacation, vehicles and relocation expenses. Consequently, under the well-pleaded complaint

3

rule, Plaintiff's complaint is entitled to the be considered in light of the clear facts and claims Plaintiff alleges and not the claims based on "artful pleading" Defendant HMMA argues Plaintiff initially plead and then abandoned.

6.      Plaintiff specifically denies that he has abandoned any of the claims that he has plead in his complaint. But even assuming *arguendo* that he did, the case law HMMA relies on does not support its contention that this court should retain jurisdiction now that it is clear that only state law claims are the subject of the litigation.  HMMA argues that post-removal actions where a Plaintiff abandons a claim does not divest the court of jurisdiction.  Poole (sic) v. American - Amicable Life Insurance Company of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000). (HMMA Motion ¶ 2). Poole, (sic) does not say this.  In Poore v. American - Amicable Life Insurance Company of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000), the issue addressed was whether the federal court lost jurisdiction when events post-removal in a diversity case brought the amount recoverable below the diversity threshold amount. (Poore at 1290-91)  However, the Poore court noted in footnote 2 that other post-removal events may divest the court of jurisdiction, citing In re Merrimack Mutual Fire Insurance Company, 587 F.2d 642-646 (5th Cir. 1978).

7.      Similarly, in Super Sack Manufacturing Corp. v.  Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1985), a case Defendant HMMA relies heavily on,

Plaintiff, Super Sack, sued Defendant, Chase, for infringing patents (the basis for federal jurisdiction). Chase counterclaimed for declaratory judgment claiming invalidity and unenforceability due to inequitable conduct. Super Sack abandoned its patent claims and filed a Motion to Dismiss asserting that the court lacked jurisdiction because there was no case or controversy since it unconditionally agreed not to sue Chase for infringement on the patents. The district court dismissed the case and Chase appealed claiming that Super Sack's abandonment of its patent claim had not divested the court of subject matter jurisdiction. The Super Sack Court affirmed the trial judge.

8.      In Maseda v. Honda Motor Company LTD, 861 F.2d 1248, 1253-4 (11th Cir. 1988), another case upon which Defendant HMMA relies, the Court held:

> Although the removal of the cross-claim was proper, the issue remains whether the federal court lost its jurisdiction when the plaintiffs and Honda settled. Typically, the propriety of removal is evaluated at the time the petition for removal is filed. In re Carter, 618 F.2d 1093, 1101 (5th Cir.) cert. denied, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1980). However, we have recognized that the remand statute, § 1447(c) permits a case's reexamination after the time of removal to determine whether jurisdiction has been lost due to post-removal developments. IMFC Professional, Etc. v. Latin Am. Home Health, 676 F.2d 152, 157 (5th Cir.1982). Indeed, in discussing pendent jurisdiction the Supreme Court indicated that where the main claim out of which the cross-claim arises is dismissed early in the litigation, perhaps the court also should dismiss the cross-claim if no diversity of citizenship exists between the codefendants and the cross-claim arises under state law. United Mine Workers of America v. Gibbs, 383 U.S.

5

Case 2:06-cv-00884-WKW-DRB   Document 13   Filed 08/28/2006   Page 6 of 58

715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

9.     The IMFC Court, analyzing the remand statute, held that "we conclude that s 1447(c) does not preclude examination of post-removal developments to determine whether jurisdiction has been lost." IMFC Professional, Etc., 676 F.2d 152 (5th Cir. 1982).

10.     In light of the foregoing, even if the Court were to conclude that Plaintiff's well-pleaded complaint initially included an ERISA claim, Defendant HMMA now admits, this early in the litigation, that there is no ERISA claim remaining. Plaintiff Cyrus submits the Court should follow the suggestion in Maseda, following Gibbs, that where the main claim that provided Federal subject matter jurisdiction is dismissed early, the Court should remand the case to the state court.

11.     Additionally, assuming arguendo that the Court concludes that there once was an ERISA claim that has now been abandoned, Plaintiff Cyrus submits that at this early stage the Court should exercise its discretion and remand the case as there are now only nonfederal claims. See IMFC at 160.

12.     The fact is, Plaintiff never made an ERISA claim, artfully pleaded, vaguely plead, or otherwise. Either way, it is undisputed now that there are no federal claims in the litigation. Because of that Plaintiff Cyrus submits the Court should

6

remand the case to state court for further proceedings.

II.  **DEFENDANT HMMA HAS LIABILITY FOR FRAUDLENT REPRESENTATIONS MADE BY ITS PREDECESSOR OR PARENT CORPORATIONS UNDER THE THEORY OF SUCCESSOR LIABILITY**

13.  HMMA argues that because it was not in existence at the time the misrepresentations were made to Plaintiff that it cannot be liable for Plaintiff's fraud claims. However, the case law which it cites does not support this. The case law which it cites, Bryant v. Southern Energy Homes, Inc., 682 So. 2d 3 (Ala. 1996), holds that where none of the agents, servants, or employees of the corporation made any representation to the Plaintiff there can be no fraud claim. There, the Bryant was relying on an implied misrepresentation theory. That is not the case here. Here, Defendant HMMA is a successor or subsidiary corporation and Cyrus's claims are based on misconduct by the parents and/or the predecessors.

14.  In Bryant, Southern Energy Homes was the manufacturer, not the seller. There any misrepresentations were made by the seller, Hart's Mobile Home Sales, an independent entity. Here, HMMA is not an independent entity. It is a successor to the corporations that made the misrepresentations. As alleged in the complaint, Plaintiff was hired by Hyundai Motor America, Hyundai Motor America, and Hyundai Precision for a job in a to-be- created company. This to-be-created company became HMMA. The representations were made specifically in reference to this

7

successor and/or subsidiary of Hyundai Motor America, Hyundai Motor Company, and/or Hyundai Precision Co. (Complaint¶¶ 4-12).

15.     Alabama courts have held that successor corporations are liable for torts of their predecessors. Here Plaintiff Cyrus has alleged that false representations were made to him by agents/employees of the parent/predecessor corporation, Hyundai Motor Company (Mr. Ted Chung and Mr. Keith Duckworth), parent/predecessor corporation, Hyundai Motor America (Mr. Keith Duckworth), and parent/predecessor corporation, Hyundai Precession Company (Mr. Ted Chung).

16     The Complaint at ¶ 4 alleges that Mr. Ted Chung, Executive Vice President of Hyundai Motor Company, as well as Executive Vice President of Hyundai Precision Company, came to Alabama to speak with the Plaintiff about coming to work for Hyundai. Chung told Cyrus that if he would come to work for Hyundai that his employment would be initially with Hyundai Motor America for administrative purposes and then he would become an employee with the new legal entity at Hyundai to run the manufacturing plant for the Santa Fe and Sonata project. (complaint ¶ 6). This new entity is Defendant HMMA. Ted Chung became Vice President for HMMA. (Plaintiff's complaint ¶ 13). HMMA merely continued the work of the manufacturing plant for the Santa Fe and the Sonata project. So, unlike Bryant Chung, who made the misrepresentations, became an executive officer of

8

HMMA.

17.    Mr. Keith Duckworth, Vice President of Motor America, also made representations to Plaintiff and confirmed conversations Plaintiff had with Chung. (Plaintiff's complaint ¶ 9 and 10). Based on the allegations in Plaintiff's complaint plaintiff has raised sufficient issues to permit plaintiff to proceed against HMMA on his fraud claim against HMMA due to its status as successor/ subsidiary corporation to Hyundai Motor Co., and/or Hyundai Motor America, and/or Hyundai Precision Co.

18.    In Alabama a corporation has successor liability for the torts of its predecessor where, as alleged here, its business is a continuation of the old business. See Rivers v. Stihl, Inc., 434 So.2d 766, 771-2 (Ala. 1983); Clardy v. Sanders, 551 So. 2d 1057, 1062 (Ala. 1989). Similarly, Plaintiff has alleged that he was hired by Hyundai Motor Company and Hyundai Precision, and, for administrative purposes, Hyundai Motor America, to work on the Santa Fe and Sinata projects. (Plaintiff's Complaint ¶ 6). Duckworth and Chung, agents for those predecessor/parent companies, made the representations upon which Plaintiff Cyrus relied. HMMA is a successor/subsidiary corporation of these companies with respect to continuing the old business of the Santa Fe and Sonata project. Consequently, HMMA has successor liability for tortious representations made by Duckworth and Chung.

19.    With respect to parent/subsidiary liability for fraud, the Alabama

9

Supreme Court in <u>Environment Waste Control, Inc., v. Browning Ferris Industries,</u>

<u>Inc.,</u> 711 So. 2d 912 (Ala. 1997), reversed summary judgment against both the parent

and subsidiary corporation on promissory fraud where the parent corporation was

involved in the tortious conduct. Here HMMA's contention that because it did not

exist at the time the misrepresentations were made is not sufficient to preclude

Plaintiff from adducing facts, in discovery, showing that, under Alabama law, it is a

successor and/or subsidiary with successor/subsidiary liability.

20.     Given that the standard on a Motion for Judgment on the Pleadings puts

the burden on the Defendant to show that there is no set of facts under which Plaintiff

can recover, and given that Plaintiff's allegations in the complaint under Alabama

law will likely make HMMA a successor/subsidiary corporation to those corporations

that made the misrepresentations, and so liable for the fraud , Plaintiff Cyrus submits

that Defendant HMMA has not met its very heavy burden.

<u>CONCLUSION</u>

Plaintiff Cyrus requests the Court deny the Defendant HMMA's motion

and remand the case to state court so that he may proceed on his state court claims.

10

Respectfully submitted,

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114

Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT CYRUS,               )
                                 )
       Plaintiff,         )
                                 )
vs.                          )     Civil Action No.: 06-568-DRB
                                 )
HYUNDAI MOTOR COMPANY,   )
et al.,                         )
                                 )
       Defendants.     )

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR
HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR
HYUNDAI MOTOR MANUFACTURING
OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield

12

Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR
HYUNDAI MOTOR COMPANY**

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114

Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT CYRUS

     Plaintiff,

vs.

HYUNDAI MOTOR COMPANY,
HYUNDAI MOBIS, INC. (formerly known
as HYUNDAI PRECISION CO.),
HYUNDAI TRANSLEAD (formerly known
as HYUNDAI PRECISION CO.)
HYUNDAI MOTOR AMERICA, and
HYUNDAI MOTOR MANUFACTURING
OF ALABAMA, LLC,

     Defendants.

CIVIL ACTION NO.:

2:06-cv-00568-WKW-DRB

## MOTION OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC FOR LEAVE TO AMEND NOTICE OF REMOVAL

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"), and pursuant to 28 U.S.C. §§ 1441, 1446, and1653, files this Motion for Leave to Amend the Notice of Removal, to clarify the allegations regarding the citizenship of the parties and this Court's jurisdiction over Plaintiff's claims under 42 U.S.C. § 1332. HMMA states the following in support of this motion:

A.    LEAVE IS APPROPRIATE TO ALLOW A DEFENDANT TO CORRECT ITS JURISDICTIONAL STATEMENTS IN THE NOTICE OF REMOVAL

1.    Congress has provided that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Eleventh Circuit has followed this instruction and has allowed parties to amend their removal pleadings at both the district court level and at the appellate level. See Alexander Proudfoot Co. v. Thayer, 877 F.2d 912, 916 n.9 (11th Cir. 1989) (allowing amendment to removal petition while case was on

Exhibit "D"

appeal after defendant was notified during oral argument before appellate court of deficiency in

Notice of Removal); McDuffie v. Old Reliable Fire Ins. Co., 608 F.2d 145, 147 (5th Cir. 1979)

(affirming district court's decision to allow amendment to notice of removal to properly state

diversity jurisdiction allegations), cert. denied, 449 U.S. 830 (1980).  Rule 15(a) of the Federal

Rules of Civil Procedure provides that "leave shall be freely given when justice so requires."

The Eleventh Circuit has held that the ends of justice and judicial efficiency are promoted by

allowing a removal petition to be amended.  See Belasco v. W.K.P. Wilson & Sons, Inc., 833

F.2d 277, 282 (11th Cir. 1987).  Plaintiff's Motion to Remand is still pending before the Court

and it would not prejudice any party to allow an amendment to the Notice of Removal at this

point in the litigation process.

**B.    IN ADDITION TO FEDERAL QUESTION JURISDICTION, THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1331**

2.    This Court has federal question jurisdiction over Plaintiff's claims because his

claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §

1144(a) (hereinafter "ERISA").  See Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207

(11th Cir. 1999).  In addition, this Court has "diversity jurisdiction" over Plaintiff's claims

because this is an action between citizens of different states and the amount in controversy

exceeds $75,000.

3.    Federal courts have diversity jurisdiction over actions involving the following:

(a) The district courts shall have original jurisdiction of all
civil actions where the matter in controversy exceeds the sum or
value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States.

28 U.S.C. § 1331.  Thus, if the value of the case exceeds $75,000 and the parties are "citizens of

different States," then the federal district courts will have original "diversity jurisdiction."

2

Because the federal court would have original jurisdiction, such a case may be removed from State court to federal court.

4.      A corporation, such as Hyundai Motor America, Inc. ("HMA"), is deemed to be the citizen of the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  HMA is incorporated in the State of California and its principal place of business is also California.  Thus, it is a California resident for purposes of diversity jurisdiction.

5.      Defendant HMMA is a single-member, limited liability company.  The citizenship of a limited liability company is determined by conducting a review of the citizenship of its members.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."); Porterfield v. Flowers Baking Company on Opelika, L.L.C.,  2006 U.S. Dist. LEXIS 28012 *6 (M.D. Ala. May 1, 2006) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members.").  HMMA's single member is HMA.   HMA is a California corporation whose principal place of business is in California.   Therefore, both HMA and HMMA are citizens of California for diversity jurisdiction purposes.

6.      Plaintiff alleges in his Complaint that he is a citizen of the State of Alabama.  (Complaint, ¶ 1).[1]

7.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 because complete diversity of citizenship exists between Plaintiff and Defendants.

---

[1] HMMA has learned that at some point since the filing of Plaintiff's lawsuit, he has become, upon information and belief, a citizen of the State of Illinois.

8.    The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.  As stated in paragraph eleven of the Complaint, Plaintiff seeks to recover for a breach of contract claim for bonuses supposedly owed to him.  Plaintiff alleges that the unpaid bonus would be equal to 225% of his monthly salary. (Complaint, ¶ 11).  Mr. Cyrus' annual salary at the time that he began working for HMMA was $140,000.  (Exhibit A: Declaration of Gianetta Turner, ¶ 3).  His salary was increased on several occasions, and his salary was more than $154,000 at the time of his termination.  (Id., ¶ 3).  Thus, he is seeking bonus payments during the three year period that he worked for HMMA that would exceed $80,000. Plaintiff alleges that he gave up his job at Mercedes Benz to work for defendants. (Complaint, ¶ 7).  Plaintiff seeks "pecuniary loss" related to this job that he quit at Mercedes. This "pecuniary loss" damage item would provide additional damages above and beyond the $75,000 threshold.

9.    Plaintiff also seeks punitive damages in this action. (Complaint, ¶ 25). While Defendants vigorously deny that Plaintiff is entitled to damages of any kind, courts and juries in Alabama have routinely awarded individual plaintiffs punitive damages in excess of $75,000 in cases alleging fraud.  See, e.g., Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) ("Alabama state courts have also awarded victorious plaintiffs in fraud cases punitive damages that exceed the jurisdictional minimum of $75,000."); Johnson v. Mercury Finance Co., CV 93-52 (Barbour County, August 5, 1994) (jury awarded $50,000,000 in punitive damages on suppression claim); Davis v. Associates Financial Services Co., CV 93-38 (Lowndes County, March 11, 1994) (jury awarded $31,500,000 in punitive damages on fraud claim); Johnson v. Life Ins. Co. of Georgia,  CV 93-0969-BLK (Mobile County, June 2, 1994) (jury awarded $15,000,000 in punitive damages in fraud action).

4

10.     Plaintiff also seeks unspecified damages for mental anguish and emotional distress.  (Complaint).  Alabama courts and juries have routinely awarded plaintiffs mental anguish damages in excess of $75,000.  See e.g., Kirkland, 263 F. Supp. 2d at 1355 ("The Defendants have shown the Court several cases from Alabama state courts in which plaintiffs have won jury verdicts well in excess of the jurisdictional requirement of $75,000 for claims involving fraud and emotional distress."); Sperau v. Ford Motor Co., 708 So. 2d 111 (Ala. 1997) (jury awarded $6 million punitive damages and $3.5 million mental anguish damages on fraud claim), cert. denied, 523 U.S. 1075 (1998); Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala. 1995) (jury awarded mental anguish damages totaling $3.5 million to 3 plaintiffs in fraud case alleging that clothing company wrongfully failed to pay plaintiffs' sales commissions); Life Ins. Co. of Georgia v. Johnson, 701 So. 2d 524 (Ala. 1997) (jury awarded compensatory verdict of $250,000, all but $3,132 of which was for mental anguish, on claim alleging sale of unnecessary medical coverage to plaintiff).

11.     Based on the foregoing, it is HMMA's good faith belief that the amount sought by Plaintiff and in controversy exceeds the sum or value required for diversity jurisdiction under 28 U.S.C. § 1332(b).

12.     Counsel for HMMA has contacted counsel for HMA, and they have advised that they do not have any objections to the filing of this motion.

**WHEREFORE**, Hyundai Motor Manufacturing Alabama, LLC requests that this Court allow leave of Court to assert that, in addition to federal question jurisdiction, this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

Respectfully submitted this 10th day of November, 2006.

/s/ Brian R. Bostick
TIMOTHY A. PALMER (PAL009)

J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of November 2006, I electronically filed the foregoing Defendants' Motion for Leave to Amend Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard J. Stockham, III, Jeffrey A. Lee, Wyndall Ivey.

/s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

## DECLARATION OF GIANETTA TURNER

1    My name is Gianetta Turner. I am a resident of the State of Alabama, over the age of 19 years and otherwise competent to give this declaration. The facts contained in this declaration are based upon my personal knowledge.

2.    I am the Manager of Payroll, Benefits, Compensation & Relocation for Hyundai Motor Manufacturing Alabama, LLC ("HMMA"). I have held this position since November of 2005. My job duties include over-sight of all payroll functions and administration of all benefit plans for HMMA. These payroll functions and benefits plans are provided exclusively for HMMA employees.

3.    I have reviewed the HMMA SAP Payroll System, which contains a listing of any and all active or terminated HMMA team members who have received compensation from HMMA at any point in time since the creation of the Company. I have determined the following regarding Robert Cyrus' compensation during the time he worked at HMMA. Mr. Cyrus began working for HMMA in approximately September of 2002. His initial base salary was $140,000.00. Mr. Cyrus received a pay increase to $147,000.00 on April 1, 2004. His pay was increased to $148,772.40 on April 26, 2004. He received a pay increase on April 1, 2005, which made his base salary $154,723.00

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT  EXECUTED ON THIS 9th DAY OF November 2006.

_Gianetta Turner_
GIANETTA TURNER

1

EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT CYRUS,                    )
                                 )
        Plaintiff,               )
                                 )
vs.                              )        Civil Action No.: 06-568-DRB
                                 )
HYUNDAI MOTOR COMPANY,           )
et al.,                          )
                                 )
        Defendants.              )

OPPOSITION TO MOTION OF DEFENDANT HYUNDAI MOTOR
MANUFACTURING ALABAMA FOR LEAVE TO AMEND NOTICE OF
REMOVAL

Comes now the Plaintiff, Robert Cyrus, and opposes the Defendant

HMMA's Motion for Leave to Amend Notice of Removal and for grounds says as

follows:

1.      Defendant, apparently recognizing that its original argument for

federal jurisdiction based on ERISA is unsound, has moved the Court to allow it

to amend its removal petition to plead an entirely different and new basis for a

federal court jurisdiction, that being diversity jurisdiction. To this end Defendant

HMMA has alleged that it should be allowed under 28 U.S.C. § 1653 to amend its

defective allegations of jurisdiction, citing Alexander Proudfoot Co., v. Thayer,

877 F.2d 912, 916 n.9 (11th Cir. 1989); D.J. McDuffie, Inc., v. Old Reliable Fire

Exhibit "E"

Insurance Company, 608 F.2d 145, 147 (5th Cir. 1979); and Belasco v. W.K.P.

Wilson & Sons, Inc., 833 F.2d 277, 282 (11th Cir. 1987).  Those cases do not

address the situation found here, however.

    2.    Here Defendant removed the case alleging federal question

jurisdiction based on ERISA as its exclusive and only basis for removing the case

from state court.  It does not now seek to correct any defective allegation with

regard to its originally  premised federal question jurisdiction.  Rather it seeks to

assert an entirely new and different basis for removal jurisdiction, that being

diversity jurisdiction.  Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325

(W.D. LA. 1993), is entirely on point, and stands for the proposition that

Defendant HMMA's new grounds for diversity is untimely.

    3.    Defendant removed the case on June 26, 2006.  On November 10,

2006, four an a half months later, defendant HMMA seeks , for the first time, to

assert diversity jurisdiction as a basis for federal court jurisdiction.  This allegation

is not timely.  While a defendant is free to amend its notice of removal within the

first thirty days, after the thirty day period has expired any amendments to a

removal notice must be made in accordance with 28 U.S.C. § 1653 which allows

for the amendment of a defect in the allegations.  See Holt v. Lockheed Support

Systems, Inc., 835 F. Supp. 325 (W.D. LA. 1993).  Where the defendant amends

2

its notice of removal to assert an entirely different and distinct jurisdictional basis,

however,  28 U.S.C. § 1653 cannot be invoked to allow that untimely amendment.

See  Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325, 327 (W.D. LA.

1993).

4.     This is true because 28 U.S.C. § 1653 is limited to curing technical

defects only.  See  Holt (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 512

(5th Cir. 1985)).  Holt also cites to Aetna Casualty Ins., Co., v. Hillman, 796 F.2d

770, 775 (5th Cir. 1988), where the Fifth Circuit held that 28 U.S.C. § 1653

provides a method for curing defective allegations of jurisdiction *but is not to be*

*used to create jurisdiction retroactively where it did not previously exist.*

(Emphasis added)

5.     Holt also cites to Wright, A. Miller, and E. Cooper, Federal Practice

and Procedures for the proposition that "[t]he [removal] petition may be amended

freely prior to the expiration of the thirty day period seeking removal.  Thereafter,

however, the cases indicate that the petition may be amended only to set more

specifically grounds for removal that have already been stated, albeit imperfectly,

in the original petition; *new grounds may not be added, and missing allegations*

*may not be furnished."* See  14(a) C. Wright, A. Miller, and E. Cooper, Federal

Practice and Procedures § 3733 at pp. 537-538 (2d ed. 1985) (emphasis added).

3

6.    It is apparent from the facts alleged in Defendant HMMA's Motion to Amend that it had all facts necessary to plead diversity jurisdiction when removing the case based exclusively on federal question jurisdiction.  Because Defendant's attempt at this time to assert an entirely different basis, diversity of citizenship, for this court's jurisdiction, the court should disallow the defendant's motion and should remand the case to State Court.

## CONCLUSION

For the reasons stated Plaintiff submits that the court should disallow defendant's amendment and remand the case to state court.

Respectfully submitted,

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT CYRUS,           )
                            )
     Plaintiff,          )
                            )
vs.                    )     Civil Action No.: 06-568-DRB
                            )
HYUNDAI MOTOR COMPANY,  )
et al.,                 )
                            )
     Defendants.      )

## CERTIFICATE OF SERVICE

    I hereby certify that on December 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR
HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR
HYUNDAI MOTOR MANUFACTURING
OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield

5

Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR
HYUNDAI MOTOR COMPANY**

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114

Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT CYRUS,                          )
                                       )
         Plaintiff,                    )
                                       )
    v.                                 )        CASE NO. 2:06-cv-568-WKW
                                       )
HYUNDAI MOTOR COMPANY, *et al.*,       )
                                       )
         Defendants.                   )

## ORDER

This cause is before the court on the Motion of Defendant Hyundai Motor Manufacturing

Alabama, LLC For Leave to Amend Notice of Removal filed on November 10, 2006. (Doc. # 19.)

On December 4, 2006, the plaintiff filed opposition to the motion. (Doc. # 21.)

A petition for removal of a civil action must be filed within thirty days after the defendant

has received a copy of the initial pleading setting forth the claim for relief upon which the action is

based. 28 U.S.C. § 1446(b). A defendant may freely amend the notice of removal within the thirty

day period dictated by § 1446(b). *Holt v. Lockheed Support Sys., Inc.*, 835 F. Supp. 325, 327 (W.D.

La. 1993); *Moody v. Commercial Ins. Co.*, 753 F. Supp. 198, 201 (N.D. Tex. 1990). The power to

amend pleadings to show jurisdiction is controlled by 28 U.S.C. § 1653. Section 1653 does not

allow the removing party to assert additional grounds of jurisdiction not included in the original

pleading. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803 (5th Cir. 1991); *Newman-Green, Inc. v.

Alfonzo-Larrain*, 490 U.S. 826 (1989) (citing *Aetna Casualty and Sur. Co. v. Hillman*, 796 F.2d 770,

775-76 (5th Cir. 1986)). *See also* 14A Wright, Miller & Cooper, *Federal Practice and Procedure*

§ 3733 at 537-38 (2d ed. 1985) ("[T]he petition may be amended only to set out more specifically

grounds for removal that already have been stated, albeit imperfectly, in the original petition; new

**Exhibit "F"**

grounds may not be added and missing allegations may not be furnished." (footnote omitted)).

"[T]he courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal . . . ." *Blakeley v. United Cable Sys.*, 105 F. Supp. 2d 574, 578 (S.D. Ala. 2000); *see, e.g., Stein v. Sprint Commc'ns Co.*, 968 F. Supp. 371, 374 (N.D. Ill. 1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition"); *Spillers v. Tillman*, 959 F. Supp. 364, 372 (S.D. Miss. 1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 359 (N.D. Miss. 1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice. He may not allege new jurisdictional grounds for removal."); *Iwag v. Geisel Compania Maritima*, 882 F. Supp. 597, 601 (S.D. Tex. 1995) (finding that "[s]ection 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that the court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice"); *Am. Educators Fin. Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996) (not allowing amendment to notice of removal which contained new grounds and allegations of jurisdiction).

Here, the defendant seeks to amend its notice of removal to assert that this court has diversity jurisdiction over this lawsuit. (Doc. # 19.) The original notice of removal, which was filed on June 26, 2006, contains no such assertion and only specifically invokes this court's federal question

jurisdiction.  (Doc. # 3.)  Because Defendant's motion alleges an additional ground for jurisdiction which was not included in the original pleading and was not filed within 30 days of the date when this case is alleged to have first become removable,[1] the amendment does not fall within the scope of amendments allowed under § 1653.  Accordingly, it is hereby

ORDERED that the motion (Doc. # 19) is DENIED.

DONE this 2nd day of February, 2007.

    /s/  W.  Keith Watkins    
UNITED STATES DISTRICT JUDGE

---

[1] According to the notice of removal, the defendants were served with the Complaint and Summons on May 26, 2006.  (Doc. # 31, ¶ 2.)