IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS,** | |
| **Plaintiff,** | |
| vs. | CIVIL ACTION NO.: |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,** | 2:07-cv-00144-ID-TFM |
| **Defendant.** | |

## MOTION FOR LEAVE TO AMEND ANSWER OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA

COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC, incorrectly identified in the Complaint as "Hyundai Motor Manufacturing of Alabama, LLC" ("HMMA"), and moves this Court for leave to amend its answer to assert an additional defense. In support of this motion, Defendant states:

1. This Court's Scheduling Order, entered April 17, 2007, allows Defendant until July 15, 2007, to amend its pleadings.

2. Upon reviewing applicable case law, Defendant is of the opinion that there may be applicability of the defense that some of Plaintiff's claims may be barred by application of the Friendship, Commerce, and Navigation Treaty (FCN) between the United States and Korea. 8 U.S.T. 2117, T.I.A.S. No. 3947; see also, Papaila v. Uniden America Corp., 51 F.3d 54 (1995), cert. denied, 516 U.S. 868 (1995); Fortino v. Quasar Co., 950 F.2d 389 (7th Cir. 1991).

3. Plaintiff will not be prejudiced by the granting of this motion, particularly given that the Defendant's deadline to amend its answer has not passed.

**WHEREFORE**, Defendant requests that this Court grant its motion and allow Defendant leave to file the Amended Answer attached hereto as Exhibit A.

Respectfully submitted this 17th day of May, 2007.

*Brian R. Bostick*
TIMOTHY A. PALMER (ASB-6895-L72T)
J. TRENT SCOFIELD (ASB-1191-E67J)
BRIAN R. BOSTICK (ASB-3064-K56B)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900
timothy.palmer@odnss.com
trent.scofield@odnss.com
brian.bostick@odnss.com

Attorneys for Defendant Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of May, 2007, I electronically filed the foregoing Motion to Amend Answer of Defendant Hyundai Motor Manufacturing Alabama with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III.

      *s/ Brian R. Bostick*
      TIMOTHY A. PALMER (ASB-6895-L72T)
      J. TRENT SCOFIELD (ASB-1191-E67J)
      BRIAN R. BOSTICK (ASB-3064-K56B)
      Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 Fifth Avenue North
      Birmingham, Alabama 35203-2118
      (205) 328-1900
      timothy.palmer@odnss.com
      trent.scofield@odnss.com
      brian.bostick@odnss.com



EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | |
| **Plaintiff,** | |
| vs. | CIVIL ACTION NO.: |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, | 2:07-cv-00144-ID-TFM |
| **Defendant.** | |

### FIRST AMENDED ANSWER OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA

COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC, incorrectly identified in the Complaint as "Hyundai Motor Manufacturing of Alabama, LLC" ("HMMA"), and files this First Amended Answer and responds to each of Plaintiff's allegations in the Complaint as follows:

1. HMMA admits that Plaintiff is over 21 years of age and that he worked for HMMA for a period of time at its facility in Montgomery, Alabama. HMMA denies the remaining allegations of Paragraph One.

2. HMMA denies that it is a corporation. HMMA admits that it is a limited liability company. HMMA denies the remaining allegations of Paragraph Two.

3. HMMA admits that Plaintiff attempts to bring this Complaint under the federal statutes stated, but denies that he has any meritorious claims under such statutes. HMMA denies the remaining allegations of Paragraph Three.

4. HMMA admits that Plaintiff filed a Charge of Discrimination with the EEOC on or about March 9, 2006. HMMA denies that Plaintiff has exhausted all administrative

prerequisites to filing suit under Title VII to the extent that he seeks to assert claims based on incidents that occurred more than 180 days before he filed his EEOC charge or upon incidents that are outside the scope of the allegations of his EEOC charge. HMMA denies the remaining allegations of Paragraph Four.

## FACTUAL ALLEGATIONS

5. HMMA admits that Plaintiff was employed by HMMA as the Director of Purchasing – Parts Development and that Plaintiff is white and American. HMMA denies the remaining allegations of Paragraph Five.

6. HMMA admits that Plaintiff began working for HMMA in approximately Fall of 2002. HMMA denies the remaining allegations of Paragraph Six.

7. HMMA admits that Keith Duckworth was made Chief Administrative Officer and Deputy President for HMMA in 2005. HMMA denies the remaining allegations of Paragraph Seven.

8. HMMA admits that Plaintiff and Mr. J. Y. Choi, Director of Purchasing and Procurement, both attended a meeting with a vendor who had traveled from outside of Montgomery to discuss quality control issues in September of 2005. HMMA admits that Mr. Choi is Korean. HMMA admits that both Mr. Choi and Plaintiff spoke at the meeting. HMMA admits that HMMA Chief Operating Officer H. I. Kim chaired the meeting. HMMA denies that Plaintiff and Mr. Choi spoke in the same way, for the same purpose, or to the same extent. HMMA denies that Plaintiff acted professionally during the meeting. HMMA denies the remaining allegations of Paragraph Eight.

9. HMMA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Nine and therefore denies them.

10. HMMA admits that Plaintiff spoke with Mr. Duckworth and voiced his concern about the events at the vendor meeting. HMMA denies the remaining allegations of Paragraph Ten.

11. HMMA admits that Mr. Duckworth and Plaintiff met at a restaurant on or about Saturday, October 22, 2005. HMMA admits that Duckworth advised the Plaintiff that HMMA was concerned about the deterioration of his work performance as attributable to his attitude. HMMA denies the remaining allegations of Paragraph 11.

12. HMMA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

13. HMMA admits that Plaintiff wrote a letter to HMMA officials dated November 6, 2005. While HMMA denies that the statements in this letter are true, the contents of the letter speak for themselves. HMMA denies the remaining allegations of Paragraph 13.

14. HMMA admits that Plaintiff was notified of his termination by Mr. Duckworth by letter dated December 6, 2005. HMMA denies the remaining allegations of Paragraph 14.

## COUNT I

15. HMMA denies the allegations of Paragraph 15.

16. HMMA denies the allegations of Paragraph 16.

17. HMMA denies the allegations of Paragraph 17.

HMMA denies that Plaintiff is entitled to any of the relief sought in Count One or to any other relief from HMMA.

## COUNT II

18. HMMA denies the allegations of Paragraph 18.

19. HMMA denies the allegations of Paragraph 19.

HMMA denies that Plaintiff is entitled to any of the relief sought in Count Two or to any other relief from HMMA.

## ADDITIONAL DEFENSES

In addition to the foregoing, HMMA asserts the following additional defenses:

### FIRST DEFENSE

The Complaint fails in whole or in part to state a claim upon which relief can be granted. To the extent Plaintiff seeks to assert a claim for National Origin discrimination under 42 U.S.C. § 1981, such a claim is not allowed under that Act.

### SECOND DEFENSE

With regard to any allegations in the Complaint that involve incidents or actions by HMMA alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of a charge with the EEOC, said filing was untimely, and the conditions precedent for suit under Title VII have not been satisfied.

### THIRD DEFENSE

As discovery proceeds, HMMA reserves the right to raise the defense that Plaintiff has failed to satisfy the statutory conditions precedent to suit.

### FOURTH DEFENSE

Upon discovery of sufficient facts, HMMA reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

### FIFTH DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH DEFENSE

Although HMMA denies Plaintiff's race, national origin, or supposed exercise of civil rights were determinative or substantial motivating factors in any adverse employment action which may be found to have occurred, if Plaintiff demonstrates that his protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, HMMA will show that the same decision would have been reached regardless of Plaintiff's protected characteristic.

### SEVENTH DEFENSE

With regard to any allegations in the Complaint alleging discriminatory or retaliatory practices of HMMA not specifically contained in the charge that Plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give HMMA proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII have not been satisfied.

### EIGHTH DEFENSE

At all times relevant to this suit, HMMA maintained a policy prohibiting unlawful discrimination or retaliation and allowing Plaintiff to seek redress of any alleged discriminatory or retaliatory treatment. Plaintiff unreasonably failed to make any timely complaint of such alleged treatment, and Plaintiff's claims against HMMA are thereby barred.

### NINETH DEFENSE

All actions taken in regards to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

### TENTH DEFENSE

HMMA denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiff or has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

### ELEVENTH DEFENSE

HMMA avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to HMMA under the Constitution of the United States of America.

### TWELFTH DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination or retaliation.

### THIRTEENTH DEFENSE

Even if Plaintiff could state a *prima facie* case of discrimination or retaliation, he cannot establish that HMMA's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate or retaliate against him on the basis of his membership in a protected class or his exercise of his civil rights.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish he allegedly suffered was caused by occurrences other than conduct for which HMMA is liable as a matter of law.

### FIFTHTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to HMMA's policies and good faith efforts to comply with the laws.

### SIXTEENTH DEFENSE

No action of HMMA proximately caused any injury or damage allegedly suffered by the Plaintiff.

### SEVENTEENTH DEFENSE

The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a. Plaintiff's claims under 42 U.S.C. § 1981 should be subjected to the same limitations.

### EIGHTEENTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel, waiver, issue preclusion, or res judicata.

### NINETEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable limitations period.

### TWENTIETH DEFENSE

Any factual assertions made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support the allegations.

### TWENTY-FIRST DEFENSE

Plaintiff failed to plead special damages with specificity as required by FRCP, therefore, he is barred from any recovery of special damages.

### TWENTY-SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by the application of the Friendship, Commerce, and Navigation Treaty (FCN) between the United States and Korea.

**WHEREFORE**, having fully answered the Plaintiff' Complaint, HMMA respectfully requests that the Plaintiff' Complaint be forthwith dismissed and HMMA awarded fees and expenses incurred in the defense of this frivolous and vexatious action.

Respectfully submitted this 17th day of May, 2007.

Brian R. Bostick
TIMOTHY A. PALMER (ASB-6895-L72T)
J. TRENT SCOFIELD (ASB-1191-E67J)
BRIAN R. BOSTICK (ASB-3064-K56B)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900
timothy.palmer@odnss.com
trent.scofield@odnss.com
brian.bostick@odnss.com


Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2007, I electronically filed the foregoing First Amended Answer of Defendant Hyundai Motor Manufacturing Alabama with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III.

 

s/ Brian R. Bostick
TIMOTHY A. PALMER (ASB-6895-L72T)
J. TRENT SCOFIELD (ASB-1191-E67J)
BRIAN R. BOSTICK (ASB-3064-K56B)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900
timothy.palmer@odnss.com
trent.scofield@odnss.com
brian.bostick@odnss.com