IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,**<br><br>　　**Defendant.** | Case No.:  2:07-cv-00144-ID-TFM |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Court's Scheduling Order, and requests that this Court enter summary judgment in its favor on all claims asserted by Plaintiff, Robert Cyrus.

Plaintiff, Robert Cyrus, is a former management employee of Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"). Cyrus claims he was discharged because of his race, Caucasian, and national origin, American, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  He also asserts a claim for retaliation under Title VII.  His claims are without merit, and HMMA is entitled to summary judgment.

In September of 2005, Cyrus was involved in a meeting between HMMA executives and employees and the executives and employees of a parts supplier.  Cyrus was accused of engaging in unprofessional behavior during the meeting, including cursing at and challenging the competency of fellow HMMA executives and ignoring the instructions of his superior. Based on the concerns raised by Cyrus' reported conduct at this meeting and other reports of troubling behavior by Cyrus, it was

determined that a meeting should be held with Cyrus to discuss HMMA management's concerns with his performance and whether Cyrus would be willing to improve his attitude. During the meeting, Cyrus refused to acknowledge any wrongdoing and gave no indication that he was willing to improve his attitude. Instead, Cyrus claimed there was a conspiracy to have him discharged. Given Cyrus' unwillingness to accept any fault and his unwillingness to improve his attitude, HMMA informed Cyrus that he would be discharged.

HMMA submits that it is entitled to summary judgment on all of Cyrus' claims because, *inter alia*, Cyrus cannot prove a prima facie case for his race or national origin discrimination claims because he cannot prove that he was treated differently than others outside his protected class who engaged in similar misconduct. He alleges that a Korean employee (J.Y. Choi) conducted himself in the same manner at a supplier meeting in September of 2005, but the reports from the meeting clearly show otherwise. Even if Cyrus could prove a prima facie case of discrimination, he cannot dispute HMMA's legitimate, non-discriminatory reasons for its actions (*i.e.*, his unprofessional and insubordinate behavior and his refusal to improve his attitude).

Cyrus's retaliation claim must also fail. Cyrus first made a formal complaint of discrimination (as prepared by his lawyer) on November 10, 2005, two weeks after he had been informed that he was being terminated. Cyrus cannot prove his retaliation claim because he cannot demonstrate a causal connection between that complaint and his termination. Finally, as with his discrimination claim, Cyrus cannot dispute HMMA's stated reasons for his discharge. HMMA is entitled to summary judgment on all claims.

HMMA submits that the evidence and applicable law compel the conclusion that, even viewing Cyrus' allegations in the light most favorable to him, HMMA is entitled to judgment in its favor as a matter of law under the undisputed material facts of this case.

**WHEREFORE**, HMMA respectfully requests that this Court grant this Motion for Summary Judgment, dismiss Cyrus' claims with prejudice, and award HMMA its costs in defending against this action.

/s/  Brian R. Bostick
TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendant Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of January, 2008, I electronically filed the foregoing Defendant's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Richard J. Stockham, III, Esq.

      /s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com