IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No.: 2:07-cv-144-ID |
| | ) |
| HYUNDAI MOTOR COMPANY, | ) |
| et al., | ) |
| | ) |
|    Defendants. | ) |

<u>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO SUPPLEMENT AND AMEND</u>

Comes now Plaintiff Robert Cyrus and responds to Defendant, Hyundai Motor Manufacturing Alabama, LLC's Opposition to Plaintiff's Motion to Supplement and Amend his Evidentiary Submission as follows:

1. Defendant objects based on this Court's Scheduling Order of April 17, 2007, and this Court's Order of February 5, 2008.

2. With respect to this Court's Scheduling Order discovery is not cut off until April 28, 2008, (Uniform Scheduling Order ¶ 6).

3. Defendant cites this Court's Order of January 22, 2008 (Doc. 26) as basis for excluding Mr. Duckworth's deposition, citing specifically the language "[p]leadings submitted beyond the submission date will not be considered by the Court absent compelling exigent circumstances." (Doc. 26, pg. 2). However, the

Court's Order distinguishes between pleadings and evidence where it says "[t}hereafter, the defendant's motion for summary judgment, and all pleadings and evidence filed in support of or in opposition to said motion, shall be DEEMED submitted to the court." (Doc.26, pg.1) Plaintiff is not seeking to submit additional pleadings. Rather, he seeks to submit an additional evidentiary submission, the discovery of which the Court has left open until April 28, 2008.

4. Defendant suggests that Plaintiff has not pursued the deposition of Duckworth with sufficient diligence. However, Plaintiff noticed Duckworth's deposition first to be taken on October 31, 2007, (See Exhibit A attached). Then again on November 28, 2007. (See Exhibit B attached). At this time Defendant objected saying Duckworth no longer worked for it and that counsel would have to deal with other lawyers to obtain his deposition. (See Exhibit C attached). Plaintiff's counsel finally arranged to take Duckworth's deposition on February 28, 2008. (See Exhibit D attached).

5. The Eleventh Circuit has approved supplementation of the record on Summary Judgments pursuant to Rules 56(e) and (f) in this manner. See Restigouche, Inc., v. Town of Jupiter, 59 F.3d 1208. 1213 f n.4 (11th Cir. 1995).

6. Plaintiff submits that because Defendant relies heavily on the Declaration of Duckworth to support its Motion for Summary Judgment which Duckworth executed on January 15, 2008, and because Duckworth's Deposition

contradicts several assertions of relevant facts in his Declaration, that this creates credibility issues, <u>Tippens v Celtex Corp</u>, 805 F. 2d 946, 954-5 (11th Cir. 1986), which are significant in evaluating Defendant's motion for Summary Judgment**.**

7. Plaintiff attempted repeatedly to obtain Duckworth's deposition, but Plaintiff could not have anticipated that Duckworth would so extensively contradict his own Declaration when questioned about it. This, then, satisfies the Court's compelling exigent circumstances.

WHEREFORE, premises considered, Plaintiff submitts the Court should allow the supplemental evidence of the deposition of Keith Duckworth because the evidentiary submission is not excluded by the Court's January 22, 2008, Order and because the evidence contradicts the prior Declaration given by one of Defendant's key witnesses in support of its Motion for Summary Judgment. Plaintiff further submits that this satisfies the Court's compelling exigent circumstance requirement and so he should be allowed to supplement the record.

                Respectfully submitted,

                <u>s/Richard J. Stockham III</u>
                ASB-5599-k43r
                Attorney for the Plaintiff
                Stockham, Carroll & Smith, P.C.
                2204 Lakeshore Drive, Suite 114
                Birmingham, Alabama 35209
                Telephone (205) 879-9954
                Fax: (205) 879-9990
                E-Mail: <u>rjs@stockhampc.com</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:07-cv-144-ID |
| ) | |
| HYUNDAI MOTOR COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on April 1, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash
Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203

                                        s/Richard J. Stockham III
                                        ASB-5599-k43r
                                        Attorney for the Plaintiff
                                        Stockham, Carroll & Smith, P.C.
                                        2204 Lakeshore Drive, Suite 114
                                        Birmingham, Alabama 35209
                                        Telephone (205) 879-9954
                                        Fax: (205) 879-9990
                                        E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:07-cv-144-ID |
| | ) |
| HYUNDAI MOTOR | ) |
| MANUFACTURING OF | ) |
| ALABAMA LLC, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF DEPOSITION OF KEITH DUCKWORTH**

TO: Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash, Amoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203

PLEASE TAKE NOTICE that beginning on **October 31, 2007, at 9:00 a.m.** at the Alabama State Bar, 415 Dexter Avenue, Montgomery, Alabama 36104, the plaintiff, in the above-styled case, will take the deposition upon oral examination of **Keith Duckworth**, before a Notary Public or any other officer authorized by law to administer oaths, and to continue from time-to-time until completed. Plaintiff requests that at the time and place of the taking of the deposition that the deponent have with him a copy of each of the documents described below:

1. Any and all documents which in any way relate to the meeting with Mr. HI Kim in September of 2005, regarding the quality control issues of one of Hyundai's vendors.

2. Any and all documents regarding any investigation of the events surrounding the meeting with Mr. HI Kim in September of 2005.

3. Any and all documents regarding investigation done pursuant to Rob Cyrus' Complaint of discriminatory treatment.

4.　Any and all documents that relate to any investigation done in response to Rob Cyrus' EEOC charge.

5.　Any and all documents that relate in any way to Rob Cyrus' termination and/or condition of termination from his employment with defendant Hyundai.

_____
Richard J. Stockham, III (STO034)
Stockham, Carroll, & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209

OF COUNSEL:

STOCKHAM, CARROLL & SMITH, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209
(205) 879-9954

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon counsel for all parties as set out below, by facsimile and by placing a copy of same in the United States mail, postage prepaid and properly addressed this 16th day of October, 2007.

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash, Amoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203

Jeffrey A. Lee
Wyndall A. Ivey
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS,<br><br>    Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR<br>MANUFACTURING OF<br>ALABAMA LLC,<br><br>    Defendant. | Civil Action No.: 2:07-cv-144-ID |

<u>RE-NOTICE OF DEPOSITION OF KEITH DUCKWORTH</u>

TO:    Timothy A. Palmer
         J. Trent Scofield
         Brian R. Bostick
         Ogletree, Deakins, Nash, Amoak & Stewart, P.C.
         One Federal Place, Suite 1000
         1819 5th Avenue North
         Birmingham, AL 35203

PLEASE TAKE NOTICE that beginning on **November 28, 2007, at 9:00 a.m.** at such a place as the parties may agree upon, the plaintiff, in the above-styled case, will take the deposition upon oral examination of **Keith Duckworth**, before a Notary Public or any other officer authorized by law to administer oaths, and to continue from time-to-time until completed.  Plaintiff requests that at the time and place of the taking of the deposition that the deponent have with him a copy of each of the documents described below:

    1.    Any and all documents which in any way relate to the meeting with Mr. HI Kim in September of 2005, regarding the quality control issues of one of Hyundai's vendors.

    2.    Any and all documents regarding any investigation of the events surrounding the meeting with Mr. HI Kim in September of 2005.

    3.    Any and all documents regarding investigation done pursuant to Rob Cyrus' Complaint of discriminatory treatment.

4. Any and all documents that relate to any investigation done in response to Rob Cyrus' EEOC charge.

5. Any and all documents that relate in any way to Rob Cyrus' termination and/or condition of termination from his employment with defendant Hyundai.

Richard J. Stockham, III (STO034)
Stockham, Carroll, & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209

OF COUNSEL:

STOCKHAM, CARROLL & SMITH, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209
(205) 879-9954

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon counsel for all parties as set out below, by facsimile and by placing a copy of same in the United States mail, postage prepaid and properly addressed this 31st day of October, 2007.

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash, Amoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203

Jeffrey A. Lee
Wyndall A. Ivey
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | |
|     Plaintiff, | |
| vs. | CIVIL ACTION NO.: |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, | 2:07-cv-00144-ID-TFM |
|     Defendant. | |

**DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S RE-NOTICE OF DEPOSITION OF KEITH DUCKWORTH**

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and in response to the Plaintiff's Notice of Deposition of Keith Duckworth, states as follows:

**GENERAL OBJECTIONS**

1. HMMA objects to this Deposition Notice because Mr. Duckworth is not an employee of HMMA, and he no longer works at the HMMA facility in Montgomery, Alabama. Mr. Duckworth works for and is located at Hyundai Motor America ("HMA"), based in California. HMA is represented by separate counsel and is a party to a lawsuit filed by Plaintiff. To the extent Plaintiff seeks to depose Mr. Duckworth, he should direct his Notice of Deposition to the attention of counsel for HMA, not counsel for HMMA, or he should issue a subpoena to Mr. Duckworth personally.

2. HMMA objects to Plaintiff's discovery requests to the extent they are overly broad, burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

3. HMMA objects to Plaintiff's discovery requests to the extent they seek

information protected by the attorney-client privilege, the attorney work-product doctrine, the trial preparation privilege, the self-evaluative privilege, or any other legal privilege, doctrine, or immunity which may apply.

4. HMMA objects to all discovery requests that are not limited to a reasonable time period, and to all discovery requests that do not specify a time period, on the ground that they are overly broad.

5. HMMA objects to Plaintiff's requests which seek the production of personnel records related to individuals who are not parties to this action because such requests infringe on the legitimate expectations of privacy of those individuals. HMMA further objects to production of non-party personnel records because these documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims in this matter. HMMA's counsel will gladly meet and confer with Plaintiff's counsel regarding the possible relevance of non-party personnel records. However, HMMA will not produce non-party personnel records absent entry of a protective order designed to protect the legitimate privacy expectations of these non-parties. HMMA further reserves the right to redact confidential information contained in said personnel files which bears no possible relevance to Plaintiff's claims asserted in this action.

*1. Any and all documents which in any way relate to the meeting with Mr. H.I. Kim in September of 2005, regarding the quality control issues of one of Hyundai's vendors.*

**RESPONSE: In addition to the foregoing objections, HMMA objects to this Request because it is vague and unclear. HMMA further objects to this Request to the extent it is overly broad and seeks information neither relevant nor likely to lead to the discovery of admissible evidence. HMMA further objects to this Request to the extent it**

seeks information protected by the attorney-client privilege or documents prepared for or in anticipation of litigation.

2.   *Any and all documents regarding any investigation of the events surrounding the meeting with Mr. H.I. Kim in September of 2005.*

**RESPONSE**: In addition to the foregoing objections, HMMA objects to this Request because it is vague and unclear. HMMA further objects to this Request to the extent it seeks information neither relevant nor likely to lead to the discovery of admissible evidence. HMMA further objects to this Request to the extent it seeks information protected by the attorney-client privilege or documents prepared for or in anticipation of litigation.

3.   *Any and all documents regarding investigation done pursuant to Rob Cyrus' Complaint of discriminatory treatment.*

**RESPONSE**: In addition to the foregoing objections, HMMA objects to this Request because it is vague and unclear as to what "complaint of discriminatory treatment" to which Plaintiff is referring. Plaintiff does not identify when, to whom or what was the substance of any such "complaint" by him. HMMA objects to this Request to the extent it seeks information protected by the attorney-client privilege or documents prepared for or in anticipation of litigation.

4.   *Any and all documents that relate to any investigation done in response to Rob Cyrus' EEOC charge.*

**RESPONSE**: In addition to the foregoing objections, HMMA objects to this Request because it seeks information protected by the attorney-client privilege or documents prepared for or in anticipation of litigation.

*5.   Any and all documents that relate in any way to Rob Cyrus' termination and/or condition of termination from his employment with defendant Hyundai.*

**RESPONSE:   In addition to the foregoing objections, HMMA objects to this Request to the extent it seeks information protected by the attorney-client privilege or documents prepared for or in anticipation of litigation.**

---

TIMOTHY A. PALMER (ASB-6895-L72T)
J. TRENT SCOFIELD (ASB-1191-E67J)
BRIAN R. BOSTICK (ASB-3064-K56B)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900
timothy.palmer@odnss.com
trent.scofield@odnss.com
brian.bostick@odnss.com


Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2007, I served the foregoing via first class U.S. Mail, postage prepaid and properly addressed to the following:

Richard J. Stockham, III
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209

Jeffrey Allen Lee
Wyndall A. Ivey
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203-2618

_____
OF COUNSEL

3 4017603-1                              5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: 2:07-cv-144-ID |
| | ) |
| HYUNDAI MOTOR MANUFACTURING OF ALABAMA LLC, | ) |
| | ) |
| Defendant. | ) |

## RE-NOTICE OF DEPOSITION OF KEITH DUCKWORTH

TO: Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash,
Amoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203

Jeffrey A. Lee
Wyndall A. Ivey
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

PLEASE TAKE NOTICE that on **February 28, 2008, immediately following Mr. Duckworth's deposition in the state case CV-06-568,** at the law offices of Maynard, Cooper & Gale, P.C., AmSouth/Harbert Plaza, 1901 6th Avenue North, Suite 2400, Birmingham, AL 35203, Plaintiff in the above-styled case will take the deposition upon oral examination of **Keith Duckworth**, before a Notary Public or any other officer authorized by law to administer oaths, and to continue from time-to-time until completed.

Richard J. Stockham, III (STO034)
Stockham, Carroll, & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209

OF COUNSEL:

STOCKHAM, CARROLL & SMITH, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, AL 35209
(205) 879-9954

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served upon counsel for all parties as set out below, by facsimile and by placing a copy of same in the United States mail, postage prepaid and properly addressed this 18th day of February, 2008.

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash, Amoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL 35203

Jeffrey A. Lee
Wyndall A. Ivey
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

Of Counsel