IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07cv144-ID |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on May 13, 2008, in Montgomery, Alabama, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL**:

   For Plaintiff:
   Richard J. Stockham, III
   Stockham, Carroll & Smith, P.C.
   2204 Lakeshore Drive, Suite 114
   Birmingham, AL 35209
   Representing Plaintiff Robert Cyrus

   For Defendant:
   Timothy A. Palmer
   J. Trent Scofield
   Brian R. Bostick
   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
   One Federal Place, Suite 1000
   1819 Fifth Avenue North
   Birmingham, AL 35203
   Representing Hyundai Motor Manufacturing Alabama, LLC

   COUNSEL APPEARING AT PRETRIAL HEARING:

   For Plaintiff:
   Richard J. Stockham, III
   Stockham, Carroll & Smith, P.C.
   2204 Lakeshore Drive, Suite 114
   Birmingham, AL 35209

>For Defendant:
>Timothy A. Palmer
>Brian R. Bostick
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>One Federal Place, Suite 1000
>1819 Fifth Avenue North
>Birmingham, AL 35203

2. <u>Jurisdiction and Venue</u>: This Court has jurisdiction over this matter under its Federal Question Jurisdiction. Venue is uncontested.

3. <u>Pleadings</u>: The following pleadings and amendments were allowed:

Complaint, Answer and Amended Answer

4. <u>Contentions of the parties</u>:

(a) The Plaintiff:

Plaintiff, Robert Cyrus, brings his Complaint for Race and National Origin Discrimination pursuant to 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964 as amended and 42 U.S.C. § 1981.

Plaintiff Robert Cyrus contends that he was wrongfully terminated because of unlawful discrimination based on his race and national origin.

Cyrus contends that he was terminated at the insistance of HMMA chief operating officer, H. I. Kim, because of events that occurred in a meeting on September 16, 2005, while Cyrus' Korean counterpart, J. Y. Choi, who also attended the meeting, and who acted in the same way Cyrus did, was not terminated, but, instead, was put in Cyrus' position.

Cyrus contends that as a result of Defendant HMMA's illegal conduct that he has suffered lost wages and benefits, mental anguish in relation to his termination and injury to his career.

Cyrus seeks compensatory and punitive damages, and expenses of the litigation.

(b) The Defendant:

HMMA denies that it discriminated against Mr. Cyrus or took any action against him because of his race or national origin. HMMA contends that it discharged Mr. Cyrus' employment based on legitimate, non-discriminatory reasons that had nothing to do with his race or national origin. HMMA contends that Mr. Cyrus was accused of engaging in unprofessional behavior during a meeting held with an outside supplier on September 16, 2005, including cursing at and challenging the competency of fellow HMMA executives and ignoring the instructions of his superior. Contrary to Mr. Cyrus' allegation, HMMA denies that Mr. J.Y. Choi engaged in similar unprofessional behavior at the meeting.

Based on the concerns raised by Mr. Cyrus' reported misconduct at this meeting and other reports of troubling behavior by Cyrus, it was determined that a meeting should be held with him to discuss HMMA management's concerns with his performance and whether he would be willing to improve his attitude. Deputy President and Chief Administrative Officer Keith Duckworth met with Mr. Cyrus on October 22, 2005, to discuss HMMA's concerns regarding his attitude and behavior. During the meeting, Mr. Cyrus refused to acknowledge any wrongdoing and gave no indication that he was willing to improve his attitude. Instead, Mr. Cyrus claimed there was a conspiracy to have him discharged. Given Mr. Cyrus' unwillingness to accept any fault and his unwillingness to improve his attitude, Mr. Duckworth informed Cyrus that he would be discharged.

HMMA also asserts the following additional defenses:

(1) To the extent Mr. Cyrus is complaining about events that are not within the scope of a valid charge filed with the Equal Employment Opportunity

Commission, his claims under Title VII are barred.

(2)     To the extent Plaintiff seeks to assert a claim for national origin discrimination under 42 U.S.C. § 1981, such claim fails to state a claim upon which relief can be granted.

(3)     To the extent that Mr. Cyrus proves that he had been the victim of intentional discrimination by virtue of an adverse employment action within the meaning of 42 U.S.C. § 2000e-2(m), HMMA will show that it would have taken the same adverse actions regardless and, therefore, it is entitled to the limitations on relief set forth at 42 U.S.C. § 2000e-5(g)(2)(B).  HMMA is entitled to prevail on the same defense with regard to Mr. Cyrus' claims under 42 U.S.C. § 1981.

(4)     HMMA claims any applicable limitations on compensatory and punitive damages imposed by 42 U.S.C. § 1981a on Plaintiff's claims under Title VII and requests that the Court apply the same limitations to any award under 42 U.S.C. § 1981.

(5)     HMMA denies that it has acted willfully or maliciously and therefore an award of punitive damages is not appropriate.

(6)     Punitive damages are not available because the actions alleged in the Complaint were contrary to HMMA's stated and published policies and its good faith efforts to comply with the laws.

(7)     To the extent that Mr. Cyrus seeks punitive damages, he ought not recover them because, on their face and/or as applied, punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

(8)     Mr. Cyrus has failed to prove that he suffered any compensable emotional distress, and he cannot prove that any action by HMMA proximately caused

him any emotional distress.

   (9) Mr. Cyrus failed to make reasonable efforts to mitigate his damages, and therefore his claims for backpay must be dismissed and/or limited.

   (10) HMMA adopts and incorporates its affirmative defenses asserted in its Amended Answer, filed on May 22, 2007, as if set forth fully herein.

  5. <u>Stipulations by and between the parties</u>:

The parties stipulate to the following facts:

Plaintiff, Robert Cyrus, was employed by Hyundai Motor Manufacturing Alabama LLC ("HMMA") from September of 2002, until December 7, 2005. Mr. Cyrus worked as the Director of Purchasing – Parts Development, for HMMA.

On September 16, 2005, HMMA called for a meeting with a parts supplier (Murakami Manufacturing Company) to discuss defects that were appearing on several of the outside mirrors that Murakami was producing for HMMA. Mr. Cyrus and several other employees who attended the meeting prepared written accounts of what took place in the meeting.

After the September 16, 2005, meeting Cyrus was absent from work on paid medical leave for all but a few days between September 16, 2005, and October 22, 2005.

On October 22, 2005, Mr. Cyrus met with Deputy President and Chief Administrative Officer Keith Duckworth to discuss Cyrus' employment status. Mr. Duckworth advised Mr. Cyrus at the conclusion of their meeting that he would be terminated. The parties dispute what was said during this meeting. HMMA thereafter allowed Mr. Cyrus to exhaust his medical leave and Mr. Cyrus was advised by letter dated December 6, 2005, that HMMA was terminating his employment effective at the close of business on December 7, 2005.

6.    Counsel will receive a trial docket approximately one month prior to the trial term.

It is ORDERED as follows:

(1)    Jury selection is set at 10:00 a.m. on the 23rd day of June, 2008, in Montgomery, Alabama.

(2)    The trial, which is to last four days, is set to begin during the term of the court commencing the 23rd day of June, 2008, in Montgomery, Alabama.

(3)    The parties are to file motions in limine (to be fully briefed), no later than three weeks prior to jury selection.

(4)    The parties are to file the following no later than two weeks prior to jury selection.

      a.    requested voir dire questions,

      b.    Proposed jury instructions together with citations of authority in support of each proposed instruction.

(5)    All understandings, agreements, and stipulations contained in this pretrial order shall be binding on all parties unless that Order be hereafter modified by order of the court.

CONSIDERED and ORDERED this 14th day of May, 2008.

      /s/ Ira DeMent
      SENIOR UNITED STATES DISTRICT JUDGE